Hon. YOUNG J. POPE, Chief Justice.
Hon. EUGENE B. GARY, Associate Justice.
Hon. IRA B. JONES, Associate Justice.
Hon. C. A. WOODS, Associate Justice.

6430

## CENTRAL NATIONAL BANK v. DUNCAN.

Issues—Lease.—In an action for possession of a building under a lease, the complaint alleging certain changes had been made in the lease after execution and acquiesced in by both parties, and asking on failure to obtain possession under lease in present form, the Court to reform the lease to correspond with the understanding of the parties and for specific performance, the issue of possession should be first tried by a jury on Calendar one.

Before MEMMINGER, J., Spartanburg, 1906. Reversed.

Action by Central National Bank against T. C. Duncan and others, on the following pleadings:

1—77

"The plaintiff complaining, alleges:

"1. That the plaintiff is, and was at the times hereinafter mentioned, a corporation duly chartered, organized and doing business under and by virtue of the laws of the United States of America.

"2. That the defendants, D. D. Bishop and O. L. Johnson, are partners, trading under the firm name of D. D. Bishop & Company.

"3. That the defendants, T. C. Duncan, W. W. Duncan and Madora R. Duncan, were at the times hereinafter mentioned, owners of a lot or parcel of land in said county and State, in the city of Spartanburg, on the corner of East Main and North Church streets, on which is situated the three-story brick building known as the Palmetto building.

"4. That on or about the 26th of May, 1905, after considerable negotiations between the plaintiff. through John A. Law, its president, and the defendant. T. C. Duncan, acting on behalf of himself and the other owners of the said building, the said defendants, T. C. Duncan, W. W. Duncan and Madora R. Duncan, through their said authorized agent, T. C. Duncan, made an offer in writing to rent to the plaintiff the corner store room of the said Palmetto building, together with the store room immediately east of it, facing on East Main street, and the two small store rooms in the rear of said corner store room opening on North Church street, for a period of ten years beginning January 1, 1906, with the privilege to the plaintiff of renewing said lease for an additional period of ten years from and after the expiration of the first mentioned period, at and for the sum of eighteen hundred ($1,800) dollars per annum, which offer was immediately accepted by the plaintiff in writing.

"That thereafter, in pursuance of said agreement, a written lease of the said store rooms hereinabove mentioned, to wit: (a) That store room on the corner of East Main and North Church streets, then occupied by D. D. Bishop & Company; (b) that store room on East Main street immediately east of and adjoining the store room just hereinabove

mentioned, then occupied by Palmetto book store; (c) that store room on North Church street immediately north of and adjoining the store room first above mentioned, and then occupied by J. D. Brown; and (d) that store room on North Church street lying immediately north of and adjoining the last mentioned store room, then occupied by R. L. Hicks, which said lease had been prepared by the plaintiff, was signed by the defendants, T. C. Duncan, W. W. Duncan and Madora R. Duncan in duplicate, and sent to the plaintiff for his signature, a copy of said lease when accepted and executed by the plaintiff herein to be kept by the plaintiff, and the duplicate thereof to be returned to the said defendants.

"That said lease was for a term of ten years, beginning January 1, 1906, with the privilege of renewing the same for an additional period of ten years, at a rental of eighteen hundred ($1,800.00) dollars per annum.

"6. That a short time after said lease mentioned in the last preceding paragraph had been drawn and sent to the said defendants, T. C. Duncan, W. W. Duncan and Madora R. Duncan, for their signature, and as plaintiff is informed and believes, before the same had been executed by them, it was discovered by the plaintiff that a certain paragraph by which the plaintiff was to be allowed the privilege of removing the furniture and bank fixtures to be placed in the said building on the said premises by it, or any party holding under it, had by oversight been omitted therefrom and the plaintiff immediately informed the said defendants of such fact in writing, and requested that such clause be inserted in said lease before its execution, to which said request, the said defendants made no objection, and the plaintiff received no response.

"Plaintiff further alleges, that thereafter, immediately upon receipt of the duplicate copies of said lease signed by the said defendants, T. C. Duncan, W. W. Duncan and Madora R. Duncan, the plaintiff noticed that said clause had not been inserted, and immediately called attention of the

said defendants in writing to said oversight, and stated to them that such correction would be made. Said defendants made no objection whatever thereto. And plaintiff alleges further, that believing fully that the omission to have said clause inserted in said lease was purely an oversight on the part of all parties in interest, and the right given in said clause was one which, aside from the contract, from the nature and the value of the fixtures so to be placed in the building, the plaintiff would have had the right to exercise—the plaintiff before signing the said lease, inserted the said clause therein, and immediately notified each of the said defendants, W. W. Duncan, Madora R. Duncan and T. C. Duncan, in writing, of such insertion—and of the reasons therefor, and further requested that the plaintiff be informed if the said defendants had any objection thereto.

"Plaintiff further alleges, that at the same time, it forwarded to T. C. Duncan on his own behalf, and acting for the other defendants, W. W. Duncan and Madora R. Duncan, a duplicate copy of the said lease, with the said clause inserted therein.

"And plaintiff alleges, further, on information and belief, and thereafter, the defendants, T. C. Duncan, W. W. Duncan and Madora R. Duncan, acquiesced in the insertion of the said clause in the said lease, and ratified the same.

"7. That by the terms of the said lease or contract, the defendants, T. C. Duncan, W. W. Duncan and Madora R. Duncan, bound themselves to deliver possession of the premises therein mentioned to the plaintiff on January 1, 1906.

"8. That thereafter, before January 1, 1906, to wit: on or about the 6th day of October, 1905, those of the defendants who claimed to be the owners of the premises hereinbefore described, gave notice to the plaintiff herein that they were not, and would not be bound by the said lease, or contract, and would regard the same as a nullity, improperly claiming that the insertion of the said clause was unauthorized, and, therefore, destroyed the lease, and that they then

and have ever since refused to recognize the validity of the said lease or contract, or the validity of any lease or contract between the plaintiff and themselves, touching the lease of the premises hereinbefore mentioned.

"9. That on January 1, 1906, plaintiff herein demanded possession of the said property embraced in the said lease or contract hereinbefore stated, but that possession thereof was and has ever since been refused.

"10. That instead of delivering possession of the said premises to the plaintiff, as required by the terms of the said lease or contract, and as they were in law and equity and good conscience bound to do, the said defendants, through their agent or agents, have been, and are advertising the same for rent, and have placed certain parties in possession of parts of the said premises in such way as to harrass the plaintiff, and cause it great damage.

"11. That the lease of the premises hereinbefore mentioned and referred to, to the plaintiff, was for the purpose of enabling the plaintiff to use and equip the same as a banking house for its business, all of this was fully known to the defendants, the owners thereof, and plaintiff alleges further, that relying upon its lease or contract, it has bought certain furniture and fixtures for the said premises, and has contracted to buy other furniture and fixtures, of the value of five thousand dollars, or other large sum, portions of which said furniture and fixtures have been shipped to the city of Spartanburg.

"And plaintiff alleges, further, that because of the reasons which induced it to contract for the lease of the said premises, and the peculiar purposes for which the plaintiff intended to use the same—it is necessary that the plaintiff shall have the contract hereinbefore mentioned specifically performed, by having the defendants, who are the owners of the said premises, deliver the same to the plaintiff under the said lease or contract.

"And plaintiff further alleges, that no amount of damages for the breach of said contract by the said defendants, or

any other refusal to perform their said contract, and deliver the said premises to the plaintiff, will fully compensate the plaintiff for its losses and injuries in respect thereto.

"12. The plaintiff further alleges, that the defendants, Lulie Coleman, R. L. Hicks, J. D. Brown, Harry Price, M. A. Phifer and D. D. Bishop and O. L. Johnson, partners, trading under the firm name of D. D. Bishop & Company, claim to have some interest in the said premises leased, but that all such claims, if any exist, are subject to the right of the plaintiff in the said premises, as hereinbefore set out.

"And the plaintiff alleges on information and belief, that the defendants, who are the owners of the said premises, have made, or have attempted to make, or are about to make, leases or contracts of rental with certain of their co-defendants for portions of the said premises, and that the said contracts so made, or about to be made, will be entered into or carried out, unless enjoined and restrained by the intervention of this Court.

"13. The plaintiff further alleges, that it has no other adequate remedy for the enforcement of its rights, and the redress or prevention of the wrongs hereinbefore alleged to be committed and threatened, save by the equitable intervention of this Court.

"Wherefore, plaintiff demands judgment:

"1. That the lease or contract hereinbefore set out, and alleged to have been made between the plaintiff and the defendants, T. C. Duncan, W. W. Duncan and Madora R. Duncan, may be adjudged to be a valid and lawful contract, and that the said defendants may be required to specifically perform the obligations so made by them in said contract, and deliver possession of the said premises therein mentioned to the plaintiff.

"2. Failing in this, that the contract just hereinbefore mentioned may be reformed, so as to express the true contract between the plaintiff and the said defendants, and that the defendants may then be required to carry out the said

contract, and to put the plaintiff in possession of the said premises thereunder.

"3. That the defendants other than T. C. Duncan, W. W. Duncan and Madora R. Duncan, and each of them, may be restrained and enjoined from entering into any contract of any nature whatsoever with the defendants, T. C. Duncan, W. W. Duncan and Madora R. Duncan, for the rental or lease of the said premises, or any portion thereof, and from paying to the owners of said property, or any other person other than the plaintiff herein, any rent for the same.

"4. That all of the defendants herein may be enjoined and restrained from interfering with the plaintiff in its right to occupy and possess the said premises, under the lease or contract hereinbefore mentioned.

"5. For such other or further relief as may be just and equitable, and for its costs."

## ANSWERS.

"T. C. Duncan, W. W. Duncan and M. R. Duncan answering the complaint herein:

"1. Admit paragraphs one and two thereof.

"2. Admit that at one time the three were owners of Palmetto building.

"3. T. C. Duncan admits, and the other two admit upon information and belief, that defendant, T. C. Duncan, with a view to negotiating a lease contract with plaintiff, he being one of the owners of the property, had considerable correspeondence in the spring of 1905 with plaintiff's president; but said T. C. Duncan says, and the other two are so informed and believe, that the complaint does not fully or correctly set forth such correspondence, and they ask that the same be produced to speak for itself.

"That said T. C. Duncan had no authority to make for the other two defendants a lease of said property or to bind them concerning the same.

"4. Admit that they signed a lease contract of certain portions of said building named in the complaint—and

it was the only contract ever made by them with plaintiff—but that the same was annulled, as they are informed and believe, by a material alteration thereof by plaintiff, after it had been signed by these defendants; that in consequence thereof it has no legal existence and cannot be considered by the Court; and that plaintiff was so notified by their attorney soon after the alteration; that, consequently, there is no contract whatever between the plaintiff and defendants in reference to said property, as they are informed and believe. .

"5. Admit that plaintiff has been and is refused possession of said property, and that it has never been leased to other parties, named as defendants herein.

"6. Say they have not information sufficient to form a belief as to what, if any, expenditures plaintiff has made, or what, if any, furniture or fixtures may have been ordered by or shipped to plaintiff, or when, so cannot admit the allegations as to those matters, even if material, which they are not, as they are informed and believe.

"7. Deny the remaining allegations thereof.

"Wherefore they ask that the complaint be dismissed."

"The defendant, Mrs. Lulie Coleman, answering the complaint herein:

"1. Admits, upon information, paragraphs one and two thereof; also that plaintiff has been and is refused possession of the property described therein and that it has been leased to other parties; also that T. C. Duncan, W. W. Duncan, and M. R. Duncan, then owners of the property, signed a lease contract of certain portions of the building named in the complaint, which was the only contract ever made by them with plaintiff, but that the same was annulled, as she is informed and believes, by a material alteration thereof by plaintiff after it had been signed by said owners, and, in consequence has no legal existence and cannot be considered by the Court, and that plaintiff was so notified soon after it was called to her attention; that, therefore, as

she is informed and believes, there is no contract whatever between plaintiff and this defendant or her said -co-defendants, in reference to said property.

"2. Alleges that she has not information sufficient to form a belief as to what, if any, expenditures have been made or furniture or fixtures purchased or ordered; and so cannot admit the allegations as to those matters, even if material, and upon information, alleges that they are not material.

"3. Alleges that after said lease contract, now void, as above alleged, had been signed by her said co-defendants, the interest of the defendant, T. C. Duncan, was by him conveyed to her, and she is now the owner of such interest, in possession of said premises along with her co-defendants W. W. Duncan and M. R. Duncan, and entitled to so remain, undisturbed by plaintiff; and, as she is informed and believes, plaintiff is not entitled to obtain possession of any part thereof.

"4. Deny the remaining allegations thereof, except as above admitted or modified.

"Wherefore she asks that the complaint be dismissed."

"Defendants R. L. Hicks, J. D. Brown, Harry Price, M. A. Phifer and D. D. Bishop & Co., answering the complaint herein:

"1. Admit so much thereof as alleges that they are in possession of portions of Palmetto building as tenants of the owners thereof.

"2. Have no knowledge or information upon which to form a belief as to the remaining allegations thereof."

From order referring all issues, defendants appeal.

*Mr. Stanyarne Wilson* for appellants.

*Messrs Sanders & DePass* and *Simpson* and *Bomar,* contra.

February 9, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from an order of reference. When the plaintiff made a motion for an order of reference, the defendants resisted the same, on the ground that the action was, in reality, to recover possession of real property, and that the case should, therefore, be transferred to calendar 1 for a trial by jury. His Honor, the Circuit Judge, granted an order of reference to the master to report the testimony, whereupon the defendants appealed.

The order in effect denied the defendants a trial by jury, and the sole question is whether this was error.

Our construction of the complaint is, that it only sets forth an action to recover the possession of real property. It does not seek reformation of the lease, but on the contrary states that the defendants acquiesced in the insertion of the clause therein, alleged to have been omitted by an oversight. The allegations of the complaint show, that there is no obstacle in the way of the plaintiff's recovery of the land, and that it has an adequate remedy at law.

It is the judgment of this Court that the judgment of the Curcuit Court be reversed.

MR. CHIEF JUSTICE POPE *concurs in this opinion.*

MR. JUSTICE WOOD, *concurring.* I concur in the conclusion stated by Mr. Justice Gary. The plaintiff seeks first, the recovery of the possession of the lot described in the lease. under the allegations that after the lease was executed, the changes made by the plaintiff, giving it the right to remove the bank fixtures at the termination of the lease, were acquiesced in and ratified by those defendants who were parties thereto. This, if true, would make the lease, as corrected by the plaintiff, binding on all parties. Therefore, if the plaintiff proves this allegation it will be entitled to recover the land and hold it under the terms of the lease as corrected until the end of the term. This gives character to the suit as an action for the recovery of real estate on the

law side of the Court, which the defendants have a right to have tried by a jury on calendar No. 1.

It is true, the plaintiff asks that if it should fail to recover possession under the lease, as changed by it, then that the Court, in the exercise of its equity powers, will reform the lease so as to correspond with the understanding of the parties, and decree specific performance of it by requiring delivery of the property under the lease so reformed. The consideration of this relief or reformation, which only the Court of equity can give, must, however, under the terms of the complaint itself, remain in abeyance until the right of the plaintiff to possession, without the necessity of reformation, is tried. Should the plaintiff succeed in recovering possession on the lease as it stands after the alleged correction, there would be no need for the equitable relief of reformation in the terms contended for by the plaintiff, or for the specific performance of the contract so reformed by the delivery of possession thereunder. If, however, the plaintiff shall fail to make good its allegations as to the acquiescence in, or the ratification of the changed or corrected lease by the defendants, the owners of the property, in that event, it would still be entitled to try the equitable issues, and if successful obtain a decree of reformation and specific performance. In short, since by the complaint itself, it clearly appears that under its allegations the plaintiff may recover a judgment for the possession of the lot, and that this would be full and adequate relief, and that the equitable relief is only sought as an alternative in case the action for possession fails, it seems to follow inevitably, that the legal issue of the right of possession under the lease as it stands, after the changes made by the plaintiff, should be first tried, and that the equitable issues of reformation and specific performance should be postponed; for if the plaintiff is successful on the legal issue, the equitable issues will entirely disappear.

This conclusion is in accord with the views expressed in *Alston* v. *Limehouse,* 61 S. C., 1, 30 S. E., 192; and *Lips-*

*comb* v. *Littlejohn,* 63 S. C., 44, 40 S. E., 1023. The case of *Fire Co.* v. *Richland Lodge,* 73 S. C., 572, 53 S. E., 993, relied on by the respondents was quite different. That was not an action for the recovery of real estate but to declare a written contract of occupancy forfeited as a cloud on the title of the plaintiff.

MR. JUSTICE JONES *concurs in this opinion.*