10184

BURROUGHS & COLLINS CO. AND SAMUEL Q. FLOYD v. MAT-
THEW T. FLOYD ET AL.

(98 S. E. 850.)

1. Reformation of Instruments—Defense—Nonpayment of Consid-
   eration.—Equity will not reform a deed, conveying only a life estate,
   so as to convey the fee, where the grantee had failed to pay the entire
   consideration.

2. Reformation of Instruments—Persons Entitled to Reformation—
   Grantee—Nonpayment of Consideration.—A subsequent grantee
   seeking reformation of a deed to the original grantor, barred from
   relief in equity by his failure to pay the entire consideration, stands
   in the same shoes as such original grantor.

Before Wilson, J., Horry, Fall term, 1917.   Affirmed.

Action by Burroughs & Collins Co. and Samuel Q. Floyd
against Matthew T. Floyd and others.   From a judgment
dismissing the complaint, plaintiffs appeal.

*Messrs. H. H. Woodward* and *Norton & Baker,* for appel-
lant.   *Mr. Woodward* submits: *That this deed should be
reformed so as to convey a fee simple:* 85 S. C. 472; 92 S.
C. 305; 94 S. C. 349; 106 S. C., 346.   *As to the defense of
laches:* 106 S. C. 310; 106 S. C. 346.

*Mr. Hoyt McMillan,* for respondents, submits: *Samuel Q.
Floyd could not testify in reference to transactions and com-
munications with his deceased father and grantor:* Code of
Civil Procedure, sec. 438; 94 S. C. 354.   *Under the decisions
of our Supreme Court no estate of inheritance is created
under a deed, wherein the warranty clause alone mentions
heirs:* 77 S. C. 171; 48 S. C. 346; 36 S. C. 301; 32 S. C. 85.

April 8, 1919.

The opinion of the Court was delivered by Mr. Justice
Hydrick.

This is an action to reform a deed, which conveyed only a
life estate to the grantee, when, it is alleged, the intention

was to convey the fee; the necessary words of inheritance having been omitted by mistake or ignorance of the scrivener.

In 1877, Lewis H. Floyd executed and delivered to his son, Samuel Q. Floyd, the deed in question, which conveyed 427 acres for the consideration of $300. The deed was recorded in August, 1878.

In 1880, Samuel Q. Floyd conveyed 177 acres of the tract to Johnson, who conveyed the same to Burroughs & Collins Company. Defendants are the heirs of Lewis H. Floyd, who died in 1885.

Defendants denied the allegations of intention to convey the fee, and resisted the prayer for relief on the further grounds that the consideration of the deed had never been paid, and of plaintiffs' laches.

According to the undisputed evidence, only about $100 of the consideration was ever paid. For the balance, Samuel Q. Floyd gave his father his note, which has never been paid. After the death of his father, the administrator of his estate sued him on the note, and he defeated a recovery thereon by pleading the statute of limitation.

It is not worth while to consider the sufficiency of the evidence to prove the alleged intention or mistake, or to sustain the defense of laches, since it is perfectly clear that, upon an ancient and time-honored principle of equity, Samuel Q. Floyd is not entitled to relief. He does not come with clean hands. Nor, even at this late day, does he offer to do equity, by offering to pay what he justly owes for the land. Therefore he is not entitled to ask for equity. His grantee stands in his shoes, and occupies no better position. The complaint was properly dismissed.

Judgment affirmed.

MESSRS. JUSTICES WATTS, FRASER and GAGE concur.

MR. CHIEF JUSTICE GARY did not sit.