## 12056

### MOODY v. DUDLEY LUMBER CO. *ET AL.*

(134 S. E., 869)

1. REFERENCE.—That one suing for services rendered has lien, enforceable by remedy of attachment, on output of factory to secure judgment, does not make action one to foreclose statutory lien, as affecting equitable jurisdiction and defendant's right to compulsory reference.

2. REFERENCE.—Action to recover percentage of gross sales as compensation for services rendered in grading and selling lumber *held* not one involving trust or fiduciary relationship, as affecting equitable jurisdiction or defendant's right to compulsory reference.

3. REFERENCE.—Each party must have a claim or demand against the other to make up a mutual account, which will support compulsory reference.

4. REFERENCE—ACCOUNT BETWEEN LUMBER COMPANY AND EMPLOYEE HELD NOT A MUTUAL RUNNING ACCOUNT.—Account between lumber company and one employed to grade and sell lumber for percentage of gross sales *held* not a mutual running account, as affecting company's right to compulsory reference in action for agreed percentage, notwithstanding bringing of its books into Court was necessary.

· 5. REFERENCE.—Account between lumber company and one employed
to grade and sell lumber for percentage of gross sales *held* not
so long and complicated as to entitle company to compulsory
refrence in action for agreed percentage.

6. REFERENCE—DEMAND FOR PRODUCTION AND CANCELLATION OF DUE-
BILL GIVEN PLAINTIFF HELD NOT TO ESTABLISH EQUITABLE JURISDIC-
TION AND RIGHT TO COMPUSORY REFERENCE.—That plaintiff, suing for
percentage of gross sales of lumber as compensation for grading and
selling it, ignored duebills given him, which defendant demanded
be produced for cancellation, *held* not to establish equitable juris-
diction or defendant's right to compulsory reference.

Before WILSON, J., Colleton, April, 1925. Order reversed,
in so far as it directed any reference and case remanded for
jury trial.

Action by J. R. Moody against the Dudley Lumber Com-
pany and another. From an order referring part only of
the case to a referee, plaintiff and the named defendant both
appeal.

*Messrs. R. M. Jefferies and Howell & Fishburne* for
plaintiff-appellant, cite: *Long account in itself no ground
for reference:* 130 S. E., 881; 130 S. C., 131; 125 S. E.,
420; 106 S. C., 25; 90 S. E., 161; 43 S. C., 299; 21 S. E.,
82; 17 S. C., 538. *Submission of issues to jury in equity
cases:* 55 S. C., 276; 33 S. E., 2; Code Civ. Pro., 1922, Sec.
533.

*Messrs. Padgett & Moorer,* for appellant, Dudley Lumber
Company, cite: *Suit to enforce lien of employee on output
of factory:* Civ. Code, 1922, Secs. 5703 and 5704. *Jury
trial provided in suit to foreclose mechanic's lien:* Civ. Code,
1922, Sec. 5660. *Actions for enforcement of liens equitable:*
Pomeroy's Eq. Remedies, Sec. 10. *Long and complicated
account ground for reference:* 130 S. E., 881; 112 S. C.,
366; 17 S. C., 538; 4 Pomeroy's Eq. Jurisprudence, Sec.
1421. *Plaintiff should surrender due bills given by defend-
ant:* 4 Pomeroy's Eq. Jurisprudence, Sec. 1377. *Court may
refer certain issues; should decide those not referred:* 128
S. E., 172; Code Civil Pro., 1922, Sec. 593, Sub. 1.

August 23, 1926.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action brought by the plaintiff against the defendant, Dudley Lumber Company, to collect an account alleged to be due for services rendered by him to the said defendant between October 1, 1919, and November 8, 1924. He alleges that he was employed by the defendant to grade and sell lumber, for which services he was to receive up to August, 1921, 10 per cent. of the gross sales of lumber made by the defendant, and after that date, up to November, 1924, 5 per cent. of the gross sales; that during the years 1920 and 1921 he did certain other work for the defendant, which, with the amount alleged to be due therefor, is described in detail in the complaint. The complaint contains an itemized statement of plaintiff's account, showing the amounts earned by him, the amounts paid him by the defendant, and the balance due, $16,208.17, and as such laborer he claims a lien on the output of the defendant's mill. He prays for judgment against the defendant in the sum named, and for the sale of the output of the said mill, and the application of the proceeds of such sale to the payment of the judgment.

After an extension of 15 days granted by the Court for answering the complaint, the defendant, Dudley Lumber Company, filed its answer, in which it sets out: (1) That it employed the plaintiff as a laborer, as stated in the complaint, and agreed to pay him for a time 10 per cent. on its gross sales, and that about April, 1920, it entered into a settlement with the plaintiff, whereby it was agreed between them that there was owing to him for services rendered up to that time the sum of $1,484.25, for which it issued to him its duebill; (2) that in April, 1920, it was agreed between the defendant and the plaintiff that thereafter the plaintiff should receive as compensation for his services 50 cents per thousand feet of lumber which might be manufactured and handled by the defendant; that on April 3,

1920, a further settlement was made between the plaintiff
and the defendant, by which it was agreed that the defend-
ant owed the plaintiff at the time the sum of $581.19 as on
account stated; (3) that thereafter it was agreed that the
plaintiff would be paid for his services at the old rate of 10
per cent. of defendant's sales, and that he was paid at this
rate until April, 1921, when the rate of 50 cents per thousand
feet was again established; that on or about April 15, 1922,
it was agreed by the plaintiff and defendant that the amount
then due and owing the plaintiff by the defendant, including
the two duebills theretofore issued, was $2,906.77; (4) that
during the years from 1919 to 1924 the defendant paid the
plaintiff various amounts of money and advanced to him
various items of value, all of which entered into and made
up a mutual running account, the number of items paid to
the plaintiff by the defendant being more than 100; that
during the time of employment of the plaintiff the defend-
ant shipped more than 700 cars of lumber, which was sold
at varying prices to different buyers at different times, some
of which were handled and inspected by the plaintiff, and
some not; (5) that the defendant is informed and believes
that an accounting is necessary between it and the plaintiff,
and that the defendant has no adequate remedy at law; that
the account is alleged by the defendant to be a mutual run-
ning account, involving numbers of items and thousands of
entries, showing sums advanced by the defendant to the
plaintiff and sums withdrawn by the plaintiff, and involving
the amounts of lumber comprising the various shipments
made by the defendant while plaintiff was in its employ and
varying prices received therefor, and which of said ship-
ments were handled by the plaintiff in the performance of
his duties; (6) that the account between the plaintiff and the
defendant is long and complicated, and cannot be easily com-
prehended or adjusted in an ordinary jury trial, and that
it would be difficult, under the volume of business done and
the length and complexity of the account, for a jury in the

course of a trial to arrive at the truth of the transaction; also that the plaintiff has in his possession the duebills alleged in the answer to have been delivered to him by the defendant, which he should be compelled to surrender and cancel in the final accounting and settlement for his services as determined by the Court; (7) that a true determination of the whole matter would show the plaintiff indebted to the defendant instead of the defendant owing the plaintiff, as alleged by him in his complaint. The defendant also denies the performance of extra work as alleged in the complaint, and the correctness of the amount claimed to be due on the account as a whole. It prays for an accounting between itself and the plaintiff, in order to determine the amount owing and to whom, and that the plaintiff be required to surrender and have canceled the said duebills.

On April 11, 1925, pursuant to proper notice, the defendant, Dudley Lumber Company, moved before his Honor, Judge Wilson, for an order transferring the case from Calendar 1 to Calendar 2 and referring same to a referee. Judge Wilson issued the following order:

"This matter comes before me on motion of the defendant, Dudley Lumber Company, to transfer this case from Calendar 1 to Calendar 2, and to order a reference therein. It appearing to the Court that the issues in this cause present a long and complicated accounting, in which it would be impracticable for an ordinary jury to comprehend and decide correctly, and it further appearing that the answer of the defendant, Dudley Lumber Company, presents other equitable issues: It is ordered that all issues in this cause, except as hereinafter excepted, be referred to Hon. James E. Peurifoy, Esq., with instructions to take the testimony and report on all issues of law and of fact, except as hereinafter excepted, with leave to report any special matter.

"The following issues are excepted and ordered to be tried by a jury, to wit: 'Was the plaintiff at the beginning to receive a 10 per cent. commission, and later a 5 per cent.

commission, on the amount of sales of lumber, as found by the referee; and, if so, on what date was the change made? Or was the plaintiff at the beginning to receive a 10 per cent. commission on the amount of sales of lumber, as found by the referee, and later 50 cents per thousand feet of lumber, as found by the referee; and, if so, on what date was the change made?'

"It is further ordered that the said issues reserved for trial by jury be not heard until the referee has filed his report."

The plaintiff, Moody, and the defendant, Dudley Lumber Company, both appealed from this order; the plaintiff contending by his exceptions that no part of the case should have been referred, and the defendant, Dudley Lumber Company, by its exception imputing error to the Circuit Judge in reserving any issue to be tried by jury. The defendant, Atlantic Coast Line Railway, did not appeal, and is not interested in the outcome of the suit.

The equitable principles governing matters of this kind are well settled, and each case must be decided, in accordance with these principles, according to the facts therein presented. A lengthy citation of numerous cases already decided appears, therefore, to be unnecessary in the present case. See *Price v. Middleton*, 75 S. C., 105; 55 S. E., 156. In the very recent case of *Sumter Hardwood Co. v. Fitchette*, 133 S. C., 149; 130 S. E., 881, this Court, discussing the question of compulsory reference, said:

"In two quite recent cases (*Newell v. Blankenship*, 130 S. C., 131; 125 S. E., 420, and *Bank v. Foster*, 132 S. C., 410; 129 S. E., 629) the Court had occasion to consider this subject, and the conclusion there reached was:

"(1) If the cause of action be equitable in its nature, it is within the discretion of the Circuit Judge to order a compulsory reference, only 'where the trial of an issue of fact shall require the examination of a long account.' Code, § 593. -

"(2) In an ordinary action at law, presenting no features

of equitable cognizance, the parties are entitled to a trial by jury, even though the examination of a long account may be involved.

"To these we add the following proposition, deducible from the second:

"(3) In an action at law, which does present a feature of equitable cognizance, as where the accounting is long and so complicated that it would be impracticable for an ordinary jury to comprehend and decide the issues correctly, the Circuit Judge may, in his discretion, order a compulsory reference; that is to say, that in a law case the evident fact that the cause involves an accounting of the character described supplies the essential feature of equitable cognizance justifying the order, upon the ground that the party applying for it has not an adequate remedy at law."

The following from 4 Pomeroy, Eq. Jur., § 1421, is quoted with approval in *Bank v. Foster,* 132 S. C., 410; 129 S. E., 629:

"The instances in which the legal remedies are held to be inadequate, and therefore a suit in equity for an accounting proper, are: (1) Where there are mutual accounts between the plaintiff and the defendant; that is, where each of the two parties has received and paid on the account of the other. (2) Where the accounts are all on one side, but there are circumstances of great complication, or difficulties, in the way of adequate relief at law. (3) Where a fiduciary relation exists between the parties, and the duty rests upon the defendant to render an account."

A careful examination of the pleadings in this case can lead to but one conclusion. It is clear beyond doubt that the complaint states a legal cause of action, and, unless the defendant by its answer has injected into the case such equitable issue or issues as would require a reference in whole or in part, the plaintiff beyond question is entitled to a trial by jury of all issues involved. A long account is not necessarily complicated or complex. An account may

be long, and yet be of such nature as to be easily and correctly determined by a jury on the trial of the case.

If the proof should bear out the allegations of the complaint, it would only be necessary for the plaintiff, in order to make out his case, to prove that he rendered services for the defendant for a certain period of time, for which he was to be paid a certain per cent. of the gross sales of lumber, and for another and succeeding period of time at a different rate, the amount of gross sales of lumber by the defendant during each period, and the amount paid to the plaintiff by the defendant on the account. A few very simple mathematical calculations would then show the exact amount of the balance, if any, due to the plaintiff. The fact that the plaintiff and the defendant do not agree exactly as to the period of time for which each different agreement as to compensation ran, or as to the amount of compensation to be paid to the plaintiff by the defendant during each such period, does not matter, as these would be questions of fact for the jury to determine from all the evidence. Nor does the fact that it might be necessary to resort to the books of the defendant to determine just how much lumber was sold by the defendant, and at what prices, during each of such periods, require such an accounting as would be of equitable cognizance.

However, the defendant, by its answer, attempts to raise certain equitable issues by pleading that the action brought by the plaintiff is in the nature of a foreclosure proceeding to enforce a statutory lien; that there is a trust or fiduciary relationship existing between the plaintiff and the defendant, by virtue of which an accounting should be had between them at the instance of either party; that an accounting is necessary, because the account sued upon is a mutual account; that the issues present an account so long and complicated that it would be difficult for an ordinary jury to understand and decide them correctly; that there are in the possession of the plaintiff certain duebills, given him by

the defendant in full settlement of the account between them at the dates of the said duebills, and that, the plaintiff having ignored these duebills, it is necessary for a court of equity to require him to surrender them and to have them canceled by the Court.

From a close examination of the pleadings with special attention to the defendant's answer, and of the law applicable to cases of this kind, we must conclude that these contentions of the defendant are without merit. Its contention that the action is in the nature of a foreclosure to enforce a statutory lien, and creates an issue that brings it within the equitable jurisdiction of the Court, so as to demand a reference, cannot be sustained. The statute only provides that, in case suit is brought, as in the present case, for the purpose of obtaining judgment for money due for labor or services rendered, the laborer has a lien, enforceable by the remedy of attachment, upon the output of the factory to secure any judgment he may obtain. Before the output can be sold, however, it must first be determined in a court of law how much, if anything, the plaintiff is entitled to by way of judgment. The case is parallel in this respect to the attachment, under statute, of an automobile for damages done; the automobile being held under warrant of attachment until it is determined by a court of law whether the plaintiff has a valid claim for damages, and being sold only after judgment duly obtained.

The contention of the defendant that there is a trust or fiduciary relationship existing between the parties and constituting matter of equitable cognizance, which would entitle the defendant to have the case referred, instead of being tried by jury, is equally without merit. Neither party was acting for the other as trustee in any respect during the periods of time mentioned in the pleadings, but the relationship was merely one of employer and employee. The fact that the plaintiff would have a lien upon the output of the factory, upon the defendant's failure to

pay him for his labor as agreed upon, in no way created a trust relationship, but was merely a provision for enforcing whatever judgment might be rendered in favor of the plaintiff in an action of law.

Nor can we find any merit in the contention that the account between the parties was a mutual running account. In order to constitute a mutual account it is essential that each party have a claim or demand against the other. An account consisting merely of charges on the one side and payments on the other is not a mutual account. The present case, therefore, does not fall within that class. It shows only one account, namely, the account of the plaintiff against the defendant for services rendered, and the fact that various credits were entered in favor of the plaintiff, and various charges made for items of payment on the account, do not make it a mutual account. Nor does the fact that it might be necessary for the defendant to bring its books into court for the purpose of fixing various amounts in the account constitute it a mutual one.

Again, we cannot agree with defendant's contention that, even if this is a case at law, the account between the plaintiff and the defendant is so long and complicated that it could not be easily understood or fairly passed upon by a jury in a trial at law. Under the defendant's contention, settlment was had, and a duebill given to the plaintiff by the defendant in August, 1922, and, if that should be established by proof, the hearing of the whole cause would be further simplified. Taking all the pleadings, however, and giving every consideration to the contentions of the defendant as to the intricacies of the accounting that would be necessary, we are still satisfied that the account between the parties is neither so long nor so complicated that an ordinary jury, in the usual trial at law, cannot readily understand the same and render justice to all parties.

Finally, the defendant contends that this is a cause in equity for the reason that on several separate occasions agreement was had between the parties as to

the amount due the plaintiff from the defendant, that due-bills were given for such amounts, and that these duebills are still in the possession of the plaintiff, who should be required to produce them for cancellation by the court of equity.  The issuance of the duebills being shown on the trial of the cause, and their status and effect being determined by the jury, the plaintiff may be required to surrender same for cancellation.  And further, if the plaintiff should bring suit upon the duebills, the defendant could show the purpose for which they had been given, and that they had already been paid or accounted for in another suit.

This being a case where there is no equitable issue, such as would warrant the Court in referring the case, and where the account is not so long and complicated as to render it impracticable for an ordinary jury to comprehend and decide it correctly, we conclude that the Circuit Judge was in error in referring any of the issues to a referee, and that the entire case should be submitted to a jury for determination.  It follows that the exception of the defendant is overruled, and that the plaintiff's exceptions are sustained.

The judgment of this Court is that that portion of the Trial Judge's order referring certain issues to a referee is reversed, and the case remanded for trial by jury.

MESSRS. JUSTICES WATTS, COTHRAN, and BLEASE, and MR. ACTING ASSOCIATE JUSTICE PURDY concur.

MR. CHIEF JUSTICE GARY did not participate.