12748

ANSEL, REC'R, v. STRIBLING
SAME v. SIMMONS
SAME v. WATKINS

(150 S. E., 125)

*Mr. M. C. Long,* for appellants,

*Mr. J. R. Earle,* for respondent,

October 22, 1929.

The opinion of the Court was delivered by Mr. Justice Stabler.

By consent these three cases were heard together on Circuit and here. The complaints are identical except as to cer-

tain details which are immaterial in the disposition of the appeal. We shall consider the case against J. P. Stribling, and our conclusion in this case will govern in the others.

The action was brought by Geo. M. Ansel, as Receiver of Farmers' Mutual Live Stock Insurance Association of Oconee County, for the purpose of recovering certain assessments alleged to be due to the company by Stribling. The complaint alleges that Ansel is the duly appointed Receiver of the association, and has been directed by the Court to institute suit against all delinquent policyholders; that Stribling applied for insurance and was granted a policy in the association in the sum of $700; that by his application and acceptance of the policy he agreed to pay and become liable for his *pro rata* of the losses and costs of administration; that, under the terms of the policy and the laws of the State, the insured stock (not described in the complaint) was pledged to the association for the amount of the lawful assessments and dues levied against the defendant, and the plaintiff has a lien over such live stock for the same; and that the defendant is delinquent in not having paid certain assessments duly levied by the association. The prayer is for the amount stated as due and owing on the assessments, for the costs and disbursements, and for such other and further relief as to the Court may seem proper.

The defendant by his answer entered a general denial, and alleged that he had paid all assessments made against him, and that the stock which had been insured in the association had been traded and was out of his possession before the commencement of the action.

On October 18, 1927, Judge M. L. Bonham, over the appellant's objection, passed an order referring the case to the Master for Oconee County to hear and report the testimony, and from this order the defendant appeals to this Court.

The classes of cases in which a compulsory order of reference may be made are enumerated in Section 593 of the Code of Civil Procedure as amended by the Act of February

7, 1928 (1928 Acts, p. 1149). We cannot see that the case at bar comes within any of the classes set forth in that section. It cannot be successfully contended that it is one in equity as seeking the foreclosure of a statutory lien, as the complaint is clearly insufficient for that purpose. In this respect it differs from *Insurance Association v. Berry,* 53 S. C., 129, 31 S. E., 53, in which the cause of action was stated to be one solely of equitable cognizance. Nor does the case involve such an accounting as to make it a matter in equity, nor is it one at law involving equitable issues. See *Sumter Hardwood Co. v. Fitchette,* 133 S. C., 149, 130 S. E., 881; *Moody v. Dudley Lumber Co.,* 136 S. C., 327, 134 S. E., 369. The action is one for the collection of a definite amount of money alleged to be due from the defendant, and the issues are such as must be tried by a jury under Section 533 of the Code of Civil Procedure.

As the judgment must be reversed, consideration of the question raised as to the amendment to the case allowed by the Circuit Judge upon respondent's motion is immaterial.

The order of reference appealed from is reversed, and the cases are remanded to the Circuit Court for Oconee County for trial by jury.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.