12984

MILLS v. LITTLE

(155 S. E., 148)

April, 1929.

*Messrs. J. Arthur Knight* and *L. M. Lawson,* for appellant,

*Mr. P. A. Murray, Jr.,* for respondent,

October 1, 1930.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal from an order of general reference and from an order appointing a receiver, as to a part of the last-mentioned order.

It appears that the plaintiff, Mrs. Mills and her husband, on the one side, and the defendant Little on the other, made a trade for the exchange of two tracts of land .in Chesterfield County belonging, 108 acres to Mrs. Mills, and 3 acres to her husband, J. A. Mills, for a tract of land in Lancaster County, 159 acres.

The deeds from Mr. and Mrs. Mills were executed and delivered to Little, and the deed from him to them was also. Separate suits have been brought by Mr. and Mrs. Mills to have their deeds canceled as having been executed and delivered under circumstances of misrepresentation and breaches of engagements which amount to fraud; damages are asked for the alleged fraudulent breaches.

Referring to the case of Mrs. Mills:

The defendant interposed a general denial, denied the ownership of plaintiff, asserted the validity of the instrument in writing purporting to be a deed, and demanded that the complaint be dismissed.

Thereafter, the defendant, Little, noticed a motion for a reference of all issues of law and fact to the master of Chesterfield County.

The motion was resisted by the plaintiff upon the ground that the case involved an issue of title which the plaintiff was entitled to have submitted to a jury.

Upon hearing the motion, his Honor, Judge Dennis, passed an order referring all issues of law and fact to the master, except the issue of damages.

Pending the motion for a reference, the defendant moved for the appointment of a receiver of the property in both the Counties of Chesterfield and Lancaster. The plaintiff made no objection to the appointment affecting the property of the defendant in Lancaster County, but resisted the appointment affecting her land in Chesterfield County. The record before us does not show what disposition was made of the motion so far as the Chesterfield property is concerned; we assume that it was refused. His Honor passed an order appointing a receiver of the Lancaster land and certain personal property which was on the land and which the defendant claims was turned over to the plaintiff as a part of the land trade. His order required a bond of $1,000 from the receiver and also a bond of $200 from the plaintiff "to secure rent in case the defendant wins."

The plaintiff has appealed from the general order of reference and from so much of the order appointing a receiver as required the plaintiff to give the $200 bond.

It does not appear that the plaintiff has ever gone into the possession of the Lancaster land and personal property, or that the defendant has gone into possession of the Chesterfield land.·

The complaint shows that the plaintiff's alleged cause of action is the cancellation of a deed for fraud, a clear-cut matter of equitable jurisdiction, accompained by a claim for damages. In the order of the Circuit Judge the issue of damages was reserved for trial by a jury in the event that the plaintiff succeeded in her equitable cause of action.

So far as the equitable cause of action is concerned, his Honor clearly had the power to refer all issues of law and fact relating to it, to the master, under the Act Feb. 7, 1928, 35 Stat., p. 1149. See *Sellers v. Polson,* 151 S. C., 429; 149 S. E., 161; *Moss v. Burdette,* 151 S. C., 532, 149 S. E., 235; *Ansel v. Stribling,* 152 S. C., 448, 150 S. E., 125; *Peeples v. Hornik,* 153 S. C., 321, 150 S. E., 802.

Even after the report of the master, the Circuit Judge may order an issue out of chancery to a jury. *Palmetto Co. v. Grimsley,* 140 S. C., 105, 138 S. E., 624; *Sloan v. Burnett,* 149 S. C., 12, 146 S. E., 601.

We think that it was erroneous in the appointment of a receiver for the Lancaster property, which was done upon the application of *the defendant* without objection on the part of the plaintiff, and after the requirement of a bond by the receiver, to impose the burden upon the plaintiff of executing a bond of $200. It is difficult to comprehend why the plaintiff, who did not ask for a receiver, who does not appear to have been in possession of the property, and who can, of course, have no control of the property in the hands of the receiver, should be required, to any extent, to underwrite the obligations of the receiver.

The judgment of this Court is that the order of reference be affirmed, and that so much of the order appointing a receiver of the property in Lancaster County, as requires the plaintiff to give bond, be reversed.

MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.

MR. CHIEF JUSTICE WATTS did not participate.