## 13219

### WOLF ET AL. v. HAYES ET AL.

(159 S. E., 620)

*Messrs. Lyles & Daniel,* for appellant,

*Mr. Ryan S. Moore,* for respondent,

August 4, 1931.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The plaintiffs brought this action for partition of certain real estate located in Spartanburg County. Over the objec-

tion of Mrs. Elizabeth Wolf, one of the defendants, Judge Sease granted a general order of reference, and she appeals to this Court. The exceptions present only one question: Do the pleadings make such issue of title in the appellant as would entitle her as of right to trial by jury on such issue?

In *Gibbes v. Elliott*, 5 Rich. Eq., 327, Chancellor Wardlaw, in discussing the jurisdiction and power of a Court of equity, said: "It is true, that this Court has no authority, in general, to try questions of title to lands, *where the parties claim by distinct titles;* but in this case, all the parties claim from the testatrix, acknowledging her title, and the whole dispute is as to the construction of her will. It has never been disputed, that this Court has jurisdiction to determine rights of parties in lands, dependent on the construction of wills or other written instruments, and where there was no fact to be settled by a jury of the vicinage." (Italics added.)

In *Jenkins v. Jenkins*, 83 S. C., 537, 65 S. E., 736, 738, Mr. Justice Woods, in his concurring opinion, made these observations: "There are, it is true, numerous cases, mainly of partition and foreclosure, in which the Court has held that, when in an equitable action a defendant *sets up an exclusive independent title to land* or personal property, a legal issue is raised not cognizable by the Court of Equity"— citing cases. (Italics ours.)

In *Windham v. Howell*, 78 S. C., 187, 59 S. E., 852, 853, which was an action for the partition of real estate, the Court said: "It is settled by many cases in this State that this is an equity cause. *When defendant's answer raises an issue of paramount title to land, such as would, if established, defeat plaintiff's action*, it is the duty of the Court to submit to a jury the issue of title as raised by the pleadings"— citing cases. (Italics added.)

*Loan & Exchange Bank v. Peterkin*, 52 S. C., 236, 29 S. E., 546, 68 Am. St. Rep., 900, was an action for foreclosure of a mortgage. One Ross S. McKenzie was made a party defendant, under an allegation that he "had, or claimed to have, some interest in or lien upon the mortgaged

premises." By his answer, McKenzie alleged exclusive title and possession in himself as to 627 acres of the tract of land under foreclosure, and that his title was derived through sources different from and independent of those of the mortgagor. On appeal, on the question whether the complaint should have been·dismissed as to McKenzie, this Court said: "As to the first question, the case of *Sale v. Meggett,* 25 S. C., 72, settles that *when a defendant in a cause in equity raises the question of paramount title in himself, which would defeat the plaintiff's recovery as to him,* the complaint should not be dismissed as to him, but that he is entitled to have the issue of title tried by a jury." (Italics supplied.)

See also, *Barnes v. Rodgers,* 54 S. C., 115, 31 S. E., 885.

With the foregoing principles in mind, we turn to an examination of the pleadings in the case at bar. The plaintiffs allege that, on August 26, 1886, one J. F. Wolf and his wife, S. A. Wolf, by their deed conveyed the lands described in the complaint to H. W. Wolf, for and during the term of his natural life, and at his death to his bodily heirs; that this deed was recorded in Volume Y-Y, at page 594, R. M. C. office for Spartanburg County; that thereafter H. W. Wolf died, leaving surviving him no bodily heirs; that the plaintiffs and the defendants, other than Mrs. Elizabeth Wolf, are the heirs-at-law of the grantors, J. F. and S. A. Wolf and are, "under the terms of the deed above referred to, tenants in common of the above described real estate." They further allege "that the defendant Mrs. Elizabeth Wolf is the widow of the said H. W. Wolf and is made a party hereto in order that her claim, if any, may be adjudicated in this proceeding."

In her answer, Mrs. Wolf admits that, on August 26, 1886, J. F. and S. A. Wolf made to H. W. Wolf a deed of the lands sought to be partitioned, that the deed was recorded as alleged in the complaint, that at his death H. W. Wolf left no surviving children or grandchildren, and that she is his widow, but denies all other allegations made by the plaintiffs. She then alleges that "she is the owner in fee of

an undivided three-fourths interest in the land described in the complaint, and has complete and indefeasible title thereto," and further answering, says: "That the deed referred to in the complaint, through the inaptitude and ignorance of the scrivener, failed to clearly and definitely express the intention of the grantor as evidenced by the recitals, in the deed and in the deeds to the grantor's other children of the same date, the intention which the scrivener was requested to express in the deed being that it should convey a fee-simple deed to this defendant's husband instead of to his children as purchasers; the grantor and grantee were ignorant of the oversight and mistake of the scrivener and the deed should be reformed to express the real intent of the parties, and this defendant seeks such reformation, though thereby her interest and title in the property is reduced from three-fourths undivided interest, as it is under the language of the deed, to one-half undivided interest, as it is under the deed as it should have read had the scrivener expressed his intent."

Her prayer is that "title to a three-fourths undivided interest in fee in the same property be adjudged in her, and that the deed be reformed to express the intent of the parties" —which is manifestly inconsistent in the light of the allegations of her answer.

Appellant claims title to the lands sought to be partitioned through a deed admittedly executed on August 26, 1886, by J. F. and S. A. Wolf in favor of H. W. Wolf—the same deed described in the complaint. She does not claim exclusive, paramount title in herself; and while she does not set out in her answer the provisions of the deed which she alleges give her a three-fourths undivided interest in the property, it is manifest, from her allegations, that she denies the provisions of this deed to be as alleged in the complaint. But whether she is entitled to an undivided three-fourths interest in the lands, which she claims she would receive under the language of the deed as it now is, or should prevail in having the Court reform the

deed, thus giving her a one-half undivided interest, plaintiffs' action for partition would not be defeated, for, in either event, she would be only a tenant in common with the other claimants. Under this view, an action in partition being of equitable jurisdiction and the construction and reformation of a deed being the subject of equitable action, it is clear that there could be no question of a legal nature to submit to a jury. The Circuit Judge was therefore right in granting an order of reference.

*Central Nat. Bank v. Duncan,* 77 S. C., 1, 57 S. E., 531, 534, cited by appellant, does not support her position. That was an action for the recovery of real estate on the law side of the Court, which the defendant had a right to have tried by jury. This Court said: "Our construction of the complaint is that it only sets forth an action to recover the possession of real property. It does not seek reformation of the lease, but, on the contrary, states that the defendants acquiesced in the insertion of the clause therein, alleged to have been omitted by an oversight. The allegations of the complaint show that there is no obstacle in the way of the plaintiff's recovery of the land, and that it has an adequate remedy at law."

The order appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN, CARTER and BONHAM concur.