15767

CHISOLM v. PRYOR

(35 S. E. (2d), 21)

*Messrs. John I. Cosgrove* and *Frank H. Bailey,* both of Charleston, S. C., Counsel for Appellant,

*Mr. H. L. Erckmann,* of Charleston, S. C., Counsel for Respondent,

August 14, 1945.

Mr. Associate Justice Taylor delivered the unanimous Opinion of the Court.

This is an appeal from an order of the Honorable William H. Grimball, passed in Charleston County, referring certain matters to the Master in Equity of that County to take testimony, hear arguments of counsel and report findings of fact and law. This order is challenged by both parties to the action—the plaintiff-respondent, on whose motion the order was passed, questioning its sufficiency to comprehend all the equitable issues claimed to be present, and the defendant-appellant urging that the matter was not referrable in any event.

From the complaint, it appears that appellant and respondent are the owners of two adjacent lots on North King Street in the City of Charleston. In 1879, there was conveyed to Andrew Simonds two certain lots lying together and fronting on King Street a total of 92 feet 6 inches. A brick building practically covered both lots and obliterated the line between the lots, one of which was referred to as No. 3, and as having a frontage of 52 feet 6 inches, and the other as No. 4, having a frontage of 40 feet on said street. Andrew Simonds devised the property to his son, Louis D. Simonds for life, who razed the structure thereon, and, according to the complaint, subdivided the land into two lots on King Street, No. 5 King Street fronting thereon 46.55 feet and No. 7 fronting thereon 46.15 feet; this taking place about 46 years ago. At that time the present structures were erected and certain physical landmarks (a coping, fence, etc.) indicated the boundary between the two premises, which provided for a ten-foot space between the houses, used as a driveway for No. 7 King Street. If the original dimensions (as set forth in the Andrew Simonds deed) are adhered to, this driveway would be cut in half; the line as made by the coping, etc., has been the true and

recognized line for some 46 years, acquiesced in by the owners of the two properties.

In December, 1935, pursuant to an action for change of investment by Louis D. Simonds, the property known as No. 5 King Street was conveyed by the Master in Equity to Caroline Barnwell Simonds Stevens and J. Stanyarne Stevens, the lot being described as fronting on King Street 52 feet 6 inches. No. 7 King Street was conveyed by the Master to C. Otto Sparkman and Mary Rhett Sparkman, and was described as fronting on King Street 40 feet. The complaint alleges that the description in each deed was in error, stating that the description used included in the No. 5 King Street premises the driveway which, according to the physical landmarks, was a part of the premises of No. 7 King Street; and that the buyers of No. 5 King Street intended to buy only to the coping, etc., and that the buyers of No. 7 had no idea that their purchase did not include the driveway; that the respective purchasers went into possession of the properties as divided by the coping, etc.

On December 1, 1936, the Stevens' conveyed No. 5 King Street to Henry C. Robertson, who conveyed to Frank Davis Pryor and Alice Seel Pryor on September 3, 1941, and on the same day Frank D. Pryor conveyed his interest to Alice Seel Pryor, the defendant herein. The description in all of the deeds involved called for 52 feet 6 inches on King Street, which, it is alleged, was due to mistake, the parties intending to purchase No. 5 King Street as determined by the lines of occupation fixed by the coping, buildings, etc.

On June 29, 1936, the Sparkmans sold No. 7 King Street to Edward Chisolm, the plaintiff, describing same as fronting on King Street 40 feet. It is alleged that this description was inserted by mistake, and that the parties intended to purchase No. 7 King Street as established by the lines of occupation and that the true dividing line was that fixed

by the coping, buildings, etc., which would call for a lot fronting on King Street 46.15 feet.

The complaint states that during the past year the defendant has discovered the deed held by her calls for 52 feet 6 inches, extending her property line some five or six feet over plaintiff's property, and has since that time made claim to plaintiff's property and trampled on flowers planted by the coping and taken up a portion of the coping and generally disturbed plaintiff's peaceful possession of his property.

The prayer of the complaint is that plaintiff be declared the owner in fee and entitled to peaceful possession of No. 7 King Street; that the boundary line be established between the premises so as to give plaintiff a frontage on King Street of 46.15 feet; for reformation of the deeds to the two premises and for injunction against trespass by defendant.

The order of Judge Grimball directs that "the issue joined in this cause as to the reformation of the two deeds held by plaintiff and defendant be, and is hereby referred to Wm. G. Morrison, Esq., Master in Equity for this County, with instructions to take testimony, etc." The order is necessarily bottomed on the idea that a mistake which may be corrected in this case is alleged to exist. The real question for decision by us is the mode of trial of the issues made by the pleadings. Appellant contends that the paramount issue raised is that of title to real estate which requires a jury trial on the law side of the Court and cites *Whetstone v. Dreher,* 138 S. C., 169, 136 S. E., 209, and *Windham v. Howell,* 78 S. C., 187, 59 S. E., 852, to sustain his position. But, as we see it, these cases hold that when the defendant's answer raises an issue of paramount title to land, such as would, *if established, defeat plaintiff's action,* it is the duty of the Court to submit to the jury the issue of title as raised by the pleadings. But here, the submission of the case to a

trial on a question of legal title, would neither *defeat* the plaintiff's action nor *establish anything.*

It is conceded by the pleadings and admitted throughout the briefs of counsel for appellant and respondent that insofar as the legal title to the strip of land in dispute is concerned, this title is now in the defendant. Therefore, it would be a pure waste of time to submit such an admitted issue to the jury. Their verdict would be a foregone. conclusion.

The primary issue in this case raised by the pleadings has to do with the reformation of the deeds affecting the land in dispute. And these deeds must first be reformed before the issue of title can be decided. Reformation of instruments being an exclusive subject of equity, reformation must be inquired into before a referee, and then by the chancellor upon the report of the referee.

Where a claim of title is involved, the weight of authority seems to be that a deed may be reformed so as to embrace land which was intended to be conveyed, or to exclude land from its operation which was not intended to be conveyed. And if a mistake of description occurs in a series of conveyance, under circumstances that would entitle any one of the vendees to a reformation as against the original vendor. See annotations, *Jones v. Mc-Nealy,* 101 Am. St. Rep., 38, 89 A. L. R., 1444, 65 Am. St. Rep., 507-511; 45 Am. Jur., Sec. 64, pages 622, 623, and our own case of *Burroughs & Collins Co. v. Floyd,* 112 S. C., 106, 98 S. E., 850. This statement of the law is based upon the principle that parties to deeds—vendors and vendees—in a series of conveyances may claim privity with each other. And also see 45 Am. Jur., Sec. 66, page 623. Of course, the foregoing general statement is made without reference to any rights of *bona fide* purchasers or encumbrancers for value, without notice of latent equities, as to which see 45 Am. Jur., pages 624 and 625, sections 68 and **69.**

It seems to this Court that this complaint is replete with allegations that the plaintiff and the defendant in this suit, and their predecessors in title, purchased adjoining lots with the understanding that the line between them as shown and established by fences, coping, etc., was the established line of division, regardless of the frontage or lineal measurements shown by their deeds. And it is these deeds which the plaintiff seeks to have reformed so as to be in harmony with the line as it appears on the ground.

Appellant cites several South Carolina decisions to support his contention that even though equitable issues be presented, he is entitled to have the legal issues tried first, when the issue of title is involved. But in the case at bar the issue of legal title is purely secondary, as we have hereinabove attempted to show. In one of the cases cited by appellant as sustaining him (*Central National Bank v. Duncan,* 77 S. C., 1, 57 S. E., 531), the Court construed the complaint, which involved a lease, as an action to recover the possession of real property, and specifically held that the complaint did not seek reformation.

We have already referred to the utter inadequacy of the legal remedy in this case, but it might be well to see just what the Court means by the term "adequate remedy." In order to justify a court of equity in refusing to take jurisdiction, the remedy at law must be adequate, and must attain the full end and justice of the case. It is not enough that there is some remedy at law, but that remedy must be as practical, efficient, and prompt as the remedy in equity. *Monteith v. Harby,* 190 S. C., 453, 3 S. E. (2d), 250; 19 Am. Jur. (Eq.), Sections 112, 114 and 121.

The assumption of jurisdiction by the court of equity is largely dependent upon the chancellor's discretion (*Dinkins v. Robbins,* 203 S. C., 199, 26 S. E. (2d), 689, *Mills v. Little,* 158 S. C., 17, 155 S. E., 148),

and in this case we are of the opinion that he exercised it wisely, that all exceptions should be dismissed and the order of Judge Grimball allowed to stand, and it is so ordered.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES and OXNER concur.

The Order of Judge Grimball:

This cause comes now to this court on several motions made by the parties.

Plaintiff moves for an order of reference as to the issues in the cause, with the exception of the issue as to damages as set forth in the counterclaim.

Defendant moves for an order bringing in as parties defendant certain mortgagees of the real properties held by plaintiff and defendant. And defendant also moves for an order striking the cause from calendar 2 and docketing same on calendar 1.

These motions have been thoroughly argued to this court, and the attorneys have assisted the court much by furnishing briefs and citations of authorities relied on by them.

It seems to me that the motion to have the mortgagees made parties to the cause should be refused. It is true that they might properly be made parties, but they are certainly not necessary parties to the determination of the issues between plaintiff and defendant. And to make them parties now would serve to prolong and delay the progress of the cause.

The mortgagees not being necessary parties, there is no necessity to make them parties solely because the defendant asks that this be done. If, however, the mortgagees themselves had petitioned to be allowed to join the controversy a different situation would have been presented. The court would in such case be inclined to allow them to come in and "open up a second front."

Now to dispose of the remaining motions.

There are several issues joined by the pleadings. One of them—as to the reformation of the two deeds held by plaintiff and defendant—is purely equitable in nature. The remaining issues are purely legal in nature.

It is the established rule in this jurisdiction that where the pleadings raise legal as well as equitable issues the Circuit Judge has the power to refer the equitable issues to the master in equity with instructions to report to the court his findings of fact and his conclusions of law—and that the Circuit Judge has the discretion to determine whether it is in the interest of justice to grant such an order of reference—reserving the legal issues for trial by jury. *Dinkins v. Robbins,* 203 S. C., 199, 26 S. E. (2d), 689; *Mills v. Little,* 158 S. C., 17, 155 S. E., 148.

A thorough consideration of the issues here raised convinces me that it is in the interest of justice to have the purely equitable issue as to the reformation of the two deeds determined by the equity arm of this court. I do not believe that a jury is the proper tribunal for an intelligent determination of this purely equitable issue.

It is therefore ordered that the issue joined in this cause as to the reformation of the two deeds held by plaintiff and defendant be, and is hereby, referred to William McG. Morrison, Esq., Master in Equity for this county, with instructions to take the testimony, hear the arguments of counsel, and report to this court his findings of both fact and law, with leave to report on any special matter.

It is further ordered that the remaining issues joined by the pleadings herein, being of a legal nature, be reserved for trial by jury; such trial to await the determination by the courts of the equitable issue as to the possible reformation of the deeds.

It is further ordered that this cause remain upon calendar 2; and defendant is hereby granted permission to docket the same upon calendar 1, so that its proper place upon that cal-

endar may not be lost pending a final determination of the equitable issue.

And it is so ordered.