17654

A. W. CLELLAND, Appellant, v. J. C. LANHAM, Respondent

(114 S. E. (2d) 328)

*Messrs. Winter & Winter,* of Columbia, *for Appellant,*

*C. T. Graydon, Esq.,* of Columbia, *for Respondent,*

May 6, 1960.

Taylor, Justice.

This appeal arises out of an action to recover the balance of sale price of certain cattle. After filing of answer plaintiff moved for an Order of Reference, which was refused; and it is from this Order that plaintiff appeals, contending that an accounting of such long and complicated nature as not to be understandable by a jury was necessary.

Attached to the complaint is a clear, concise statement of the original debt and the subsequent transactions leading up to the alleged indebtedness. The defendant by way of answer denies such indebtedness, pleads payment, statute of limitations, and final settlement and adjustment. It was upon these pleadings that plaintiff sought an Order of Reference which the hearing Judge refused.

Section 10-1402, Code of Laws of South Carolina 1952, provides:

"When the parties do not consent the court may, upon application of either or its own motion, direct a reference in the following case:

"(1) In all equitable actions and of equitable issues in actions at law;

"(2) When the taking of an account shall be necessary for the information of the court, before judgment, or for carrying a judgment or order into effect; or

"(3) When a question of fact, other than upon the pleadings, shall arise, upon motion or otherwise, in any stage of the action."

The Order appealed from states that plaintiff's motion for an Order of reference was based upon the contention that "an accounting was necessary in the case of such a long and complicated nature as not to be understandable by a jury." In his brief, plaintiff contends that Section 10-1402(1) of the Code, heretofore set forth, is controlling of the facts of this case and cites *Coleman v. Coleman,* 208 S. C. 103, 37 S. E. (2d) 305, as authority for his position, a reference to which will show that the Court, in the exercise of its discretion, granted the Order of Reference while the converse is true here. Also, we find such an equitable issue in the *Coleman case* as breach of trust, involving a fiduciary relationship which is not present in instant case.

A long account is not of necessity complicated or complex. Even though it be long, it may be of such nature as to the easily and correctly determined by a

jury, *Beaty v. Massey-Hite Grocery Co.,* 211 S. C. 242, 44 S. E. (2d) 535, 174 A. L. R. 418.

From the pleadings before us, we are unable to agree with plaintiff's contention that by reason of defendant's answer the matter before the Court requires an accounting so long and complicated that an ordinary jury could not comprehend and adjust the issues correctly without the aid of equity. See *McCabe & Co. v. Colleton Mercantile & Mfg. Co.,* 106 S. C. 25, 90 S. E. 161; *Sumter Hardwood Co. v. Fitchette,* 133 S. C. 149, 130 S. E. 881; *Smith v. Union Cent. Life Insurance Co.,* 112 S. C. 356, 99 S. E. 830; *Moody v. Dudley Lumber Co.,* 136 S. C. 327, 134 S. E. 369; *Jefferies v. Harvey et al.,* 206 S. C. 245, 33 S. E. (2d) 513.

Section 10-1056, Code of Laws of South Carolina 1952, provides:

"An issue of law must be tried by the court, as also must cases in chancery, unless they be referred as provided in chapter 16 of this Title. An issue of fact in an action for the recovery of money only or of specific real or personal property must be tried by a jury, unless a jury trial be waived as provided in 10-1209 or a reference be ordered."

Plaintiff in instant case seeks the recovery of a specific sum of money, which is triable by a jury on the law side of the Court under the foregoing Section of the Code, *Anderson, et al. v. Aetna Casualty and Surety Co. of Hartford, Conn., et al.,* 175 S. C. 254, 178 S. E. 819; *Ansel, Rec'r, v. Stribling,* 152 S. C. 448, 150 S. E. 125.

For the foregoing reasons, we are of opinion that the Order appealed from should be affirmed and it is so ordered.

Affirmed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.