19950

Mable T. WAYBURN, Appellant, v. James M. SMITH et al., Respondents

(211 S. E. (2d) 560)

*Messrs. Marchant, Bristow & Bates,* of Columbia, *for Appellant,*

*Messrs. Graydon & Suber,* of Columbia, *for Respondents,*

*Luther M. Lee, Esq.,* of Columbia, *for Respondents, Mary Walker Deans, Scott Deans, Darren Deans* and *Shane Deans,*

January 28, 1975.

LITTLEJOHN, Justice.

The plaintiff-appellant brought this action seeking specific performance of a contract in which appellant was the seller and the defendant-respondent James M. Smith was the buyer of real estate. Appellant in her complaint alleged that part payment had been made under the contract but that the defendant Smith had declined to honor the contract by refusing to accept a deed tendered, and refusing to comply with the terms of the contract by paying additional amounts.

The defendant Smith filed an answer in which he alleged that he was ready and willing to comply with the terms of the contract but had refused to do so because the appellant did not have a marketable title. He further alleged that Allie Walker, who conveyed the land to the appellant, possessed only a life estate, and that the heirs of Allie Walker might be able to claim the property upon her death.

Thereafter the court made the children and potential heirs of Allie Walker parties to the suit. Ruby W. Hott, *et al.*, answered, alleging that they are children of Allie Walker; that Allie Walker owned and conveyed to the appellant only a life estate; they asked that the court hold that the appellant owns only a life estate, and accordingly could convey no more.

Mary Walker Deans (a daughter of Allie Walker) and others (who are grandchildren of Allie Walker) answered, asserting the same position as Ruby W. Hott, *et al.*, but alleged further that it was the intent of Allie Walker's grantor that she (Allie Walker) have only a life estate; the answer asks in the alternative that the deed involved be reformed to conform to the intent of the parties.

The appellant moved that the matter be referred to the Master in Equity for Richland County. A number of the defendants resisted the motion, alleging that they were entitled to a jury trial. The lower court denied the motion

for an order of reference and held that "the issue of title of real estate [was] involved in this case and that issue should be tried before a jury." The court further asserted that "should it appear at trial that no jury questions exist, the trial judge would take the matter from the jury." It appears from the reading of the order that the refusal to treat the case as one in equity was largely, if not entirely, because of the answer of Mary Walker Deans, *et al.*

Upon this appeal the appellant submits that it was reversible error to refuse the order of reference and direct a jury trial since only equitable matters were involved.

It is beyond question that the disposition of this case depends largely, if not entirely, on the interpretation of the deed conveying the property to Allie Walker. The interpretation of a deed is an equitable matter. *Hann v. Carolina Cas. Ins Co.,* 252 S. C. 518, 167 S. E. (2d) 420 (1969); *Wolfe v. Hayes,* 161 S. C. 293, 159 S. E. 620 (1931).

Respondents argue that *Bryan v. Freeman,* 253 S. C. 50, 168 S. E. (2d) 793 (1969), requires a jury trial when a "defendant's answer raises an issue of paramount title to land, such as would, if established, defeat plaintiff's action. . . ."

In *Bramlett v. Young,* 229 S. C. 519, 93 S. E. (2d) 873 (1956), this Court, referring to our holding in a previous case, said:

"In the case of *Gibbes v. Elliott,* 26 S. C. Eq. 327, 5 Rich. Eq. 327, it was held that a court of equity has no authority, in general, to try questions of title to lands, where the parties claim by distinct titles; but where the whole dispute is upon the construction of a will, or other written instrument, under which both parties claim, the court has jurisdiction to determine the rights of the parties."

We are of the opinion that the *Bryan* case is not applicable since all parties obviously claim through the same deed. Our review of the entire record convinces us that only equitable

issues are involved. The alternative relief sought by Mary Walker Deans, *et al.,* is also equitable in nature.

Argument of respondent that the lower court has "not denied appellant the right to a trial before the court in chancery, nor has it granted the respondent the right to a trial before a jury", has no merit. We interpret the order as directing a jury trial unless, of course, there be involved in the last analysis only questions of law.

We find no legal issues raised by the pleadings and conclude that only equitable matters are involved. Accordingly, the case is remanded to the lower court for trial by a reference unless the judge tries the matter himself.

Reversed.

Moss, C. J., and LEWIS and BUSSEY, JJ., and NESS, Acting Associate Judge, concur.