## 21365

SOUTH CAROLINA PUBLIC SERVICE AUTHORITY, Respondent, v. OCEAN FOREST, INC., Appellant.

(273 S. E. (2d) 773)

*Howell V. Bellamy, Jr.,* and *Henrietta U. Golding,* of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers,* Myrtle Beach, *for appellant.*

*John P. Henry,* of *Thompson, Henry & Lovelace,* Conway, *for respondent.*

January 7, 1981.

NESS, Justice:

This appeal is from an order granting respondent summary judgment. Respondent, S. C. Public Service Authority brought this action for a permanent injunction enjoining appellant, Ocean Forest, Inc., from interfering with the cutting of "danger trees" by the Authority, on appellant's land.

In determining whether summary judgment was properly granted, we consider the evidence in a light most favorable to appellant. Summary judgment should be granted only when it is clear no genuine issue as to any material fact remains and the moving party is entitled to judgment as a matter of law. *Jamison v. Howard,* 271 S. C. 385, 247 S. E. (2d) 450 (1978).

We find no dispute in the material facts and conclude the trial judge properly granted summary judgment. We affirm.

On September 8, 1948, the Authority was granted an easement, which provided in relevant part:

"[A] perpetual easement for the construction and maintenance of an electric transmission line or lines * * * the right to clear and keep clear the timber, pulpwood, brush and tree tops on a strip 25 feet wide on each side of the cen-

ter line as well as all danger trees at a greater distance which would injure the transmission line in falling."

Clear and unambiguous language in grants of easement must be construed according to terms which parties have used, taken, and understood in plain, ordinary, and popular sense. *Patterson v. Duke Power Company,* 256 S. C. 479, 183 S. E. (2d) 122 (1971). In *Patterson* we adopted the definition of "danger trees" as set forth . in *Collins v. Alabama Power Company,* 108 So. 868, 870 (Ala. 1926) ; 46 A. L. R. 1459:

"[T]rees which, by reason of size or condition, and contiguity to complainant's right of way, involve a concrete threat of injury to complainant's transmission or telephone lines, and that *trees which have come to be dangerous since the grant are to be included in the class guarded against."* (Emphasis added.)

Here, the Authority seeks only to exercise the rights granted under the easement.

Appellant first asserts the trial court erred in granting summary judgment because the Authority attempted to enlarge or increase the use of the easement. The Authority's easement for its transmission lines was granted without limitation on size or voltage to be carried, therefore, appellant's exception is without merit.

Appellant next asserts the trial court erred because respondent was estopped from cutting the "danger trees" and its decision to cut the trees was arbitrary and capricious. We disagree.

The essence of equitable estoppel is that the party entitled to invoke the principle was misled to his injury. The essential elements are: "(1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped, and (3) action based thereon of such a character as to change his posi-

tion prejudicially." *South Carolina State Highway Department v. Metts,* 270 S. C. 73, 240 S. E. (2d) 816 (1978).

Here, the easement was recorded and indexed. Appellant was charged with constructive notice of its existence; moreover, appellant admitted having actual notice. See *Carolina Land Co., Inc. v. Bland,* 265 S. C. 98, 217 S. E. (2d) 16 (1975).

The record does not reveal any misrepresentations or concealments by the Authority which would have misled appellant to its detriment. There was no genuine issue of material fact on the issue of equitable estoppel.

Appellant finally asserts the trial court erred in granting summary judgment because the Authority's destruction of the trees on his property was a 'taking" under Article 1, § 13 of the South Carolina Constitution.

This exceptiton is without merit, since it is conceded appellant took title to the property subject to the easement. See *Leppard v. Central Carolina Telephone Co.,* 205 S. C. 1, 30 S. E. (2d) 755 (1944).

Furthermore, appellant has a remedy at law or in equity for damages, which was not involved here, if the Authority exceeded the scope of its easement and cut non-danger trees. We conclude no genuine issue of material fact was presented and summary judgment was properly granted.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.