496 S.E.2d 633

**Michael SLEAR and Elizabeth A. Slear, Petitioners,**

**v.**

**Jethro HANNA and Watson's Riverside, Inc., Defendants,**

**Of whom Jethro Hanna is Respondent.**

**No. 24763.**

Supreme Court of South Carolina.

Heard June 4, 1997.

Decided Feb. 17, 1998.

Rehearing Denied Mar. 23, 1998.

408

Henrietta U. Golding, of Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A., Myrtle Beach, for petitioners.

Charles V. Leonard & Willard D. Hanna, Jr., of Harris & Hanna, P.A., Myrtle Beach, for respondent.

John P. Henry, of the Thompson Law Firm, P.A., Conway, for Watson's Riverside, Inc.

FINNEY, Chief Judge:

We granted certiorari to review the Court of Appeals' opinion in *Slear v. Hanna*, 321 S.C. 100, 467 S.E.2d 761 (Ct.App.1996). We reverse.

Petitioners brought this action seeking a ruling that they had the right to use Ester Landing in Watson's Riverside Development as an access point to the Intracoastal Waterway. Petitioners are property owners in the development. Respondent, Jethro Hanna, owns property adjacent to the landing. The special referee found it was the intent of the developer to dedicate Ester Landing to all property owners in the development and the private dedication was accepted by the residents of Watson's Riverside Development. Accordingly, the special referee concluded petitioners had the right to use Ester Landing. The Court of Appeals reversed. *Slear, supra.*

J. Watson Smith purchased two pieces of property in Horry County which he transferred in 1973 to Watson Riverside Inc. In July 1973, a plat (Cox Plat) and Declaration of Restrictions were recorded showing Blocks A–G of Watson's Riverside Development and restrictions on use of the property. On October 20, 1975, restrictions on the use of Block H, shown on a previously recorded Plat of "Watson's Riverside Addition," were recorded and the owners of property in Blocks A–G agreed to have the previously recorded restrictions changed to conform to the restriction on Block H. On December 30, 1975, a plat showing an expansion of Block H was recorded and outside the boundary of Block H was printed "Reserved for Future Development." On July 10, 1978, a plat depicting Blocks K–O, designated as Watson's Riverside Addition, Phases III and IV was recorded and on July 7, 1980, restrictions identical to those recorded for Blocks A–H were recorded. Petitioners' property is located in Block M.

On January 27, 1976, respondent purchased Lot 1–A of Block B of Watson's Riverside Development as shown on the Cox Plat. The deed stated in pertinent part the following:

The grantor hereby covenants and warrants that ... the road dividing Lot 1 and Lot 1–A as shown on said plat is not to be used as a public landing but is to be used only by residents of Watson's Riverside Development and that said road and landing will be maintained and kept in a neat, clean and attractive manner.

The grantor hereby agrees for the consideration stated above to have the undeveloped road between Lot 1 and Lot

1–A and known as Ester Landing as shown on said plat paved, said road to be properly ditched, smoothed out and paved where present ditch now situate; Grantor agrees to provide and fence the boundary adjoining the grantee's land with a stout chain like fence; Grantor to maintain fence,.... It is the further understanding that a locked gate is to be placed at the entrance of said landing and keys to be provided only to residing land owners; said covenants, warranties and promises to run with the land and to bind the parties [sic] heirs, successors, assigns, administrators or executors as the case may be.

Petitioners assert the Court of Appeals erred in reversing the special referee's finding there was a private dedication of use. In particular, the Court of Appeals concluded that the reservation as to the use of Ester Landing contained in respondent's deed inured only to the benefit of those lot owners or future owners of lots on the plats of record in 1976 (Cox Plat). The Court of Appeals looked to all plats of record in 1976 depicting Watson's Riverside Development and found "no hint the development then encompassed or would in the future encompass the area where the [petitioners] ultimately purchased their lot." Petitioners contend there is ample evidence in the record and in the recorded plats to have put respondent on notice that Watson's Riverside Development included more than shown on the Cox Plat.[1]

The outcome here is based on the proper scope of review. The determination of the existence of an easement is a question of fact in a law action and subject to an any evidence standard of review when tried by a judge without a jury. *Jowers v. Hornsby*, 292 S.C. 549, 357 S.E.2d 710 (1987). If the action is viewed as interpreting a deed, it is an equitable matter and the appellate court may review the evidence to

1. The special referee found that Watson's Riverside Development consisted of Blocks A through O as depicted on the tax map. The referee also found that all property owners in Blocks A through O have a common grantor, were subject to identical restrictions and the consecutive lettering of the Blocks evidenced a single scheme. Further, one of the plats stated that additional property was reserved for future development.

determine the facts in accordance with the court's view of the preponderance of the evidence. *Wayburn v. Smith,* 263 S.C. 518, 211 S.E.2d 560 (1975); *Heritage Federal Savings & Loan Association v. Eagle Lake Condos,* 318 S.C. 535, 458 S.E.2d 561 (Ct.App.1995).

 Here, the Court of Appeals treated this case as one to interpret a deed.[2] The pleadings and evidence present the primary issue of whether or not the deed creates an easement in favor of petitioners as residents of the development. The determination of the existence of an easement is a question of fact and subject to an any evidence standard review. *Jowers, supra.* There is evidence in the record to support the special referee's findings, accordingly we reverse on this issue.

Petitioners also contend the Court of Appeals should have affirmed the referee's ruling that Ester landing was dedicated to public use by the developer. We disagree. The referee concluded solely that there was a dedication for private use and did not address whether there was a public dedication. Accordingly, there was no ruling on this ground for the Court of Appeals to affirm.

The Court of Appeals' decision is

**Reversed.**

TOAL, WALLER, BURNETT, JJ., and GEORGE T. GREGORY JR., Acting Associate Justice, concur.

---

2. The Court concluded that the referee erred in his interpretation of the deed. The Court further concluded the language in respondent's deed "residents of Watson's Riverside Development" when considered in conjunction with the provision that a locked gate would be installed and keys would be provided only to residing land owners is ambiguous and thus the intention of the parties to respondent's deed must be determined.