586 S.E.2d 146

LIGHTHOUSE TENNIS CLUB VILLAGE HORIZONTAL
PROPERTY REGIME LXVI, Respondent,

v.

SOUTH ISLAND PUBLIC SERVICE DISTRICT f/k/a
Sea Pines Public Service District, Appellant.

No. 3664.

Court of Appeals of South Carolina.

Heard April 8, 2003.
Decided July 21, 2003.
Rehearing Denied Sept. 24, 2003.

530

Stephen E. Carter, of Hilton Head Island, for Appellant.

Edward E. Bullard and Stephen Bull, both of Hilton Head Island, for Respondent.

HOWARD, J.:

Lighthouse Tennis Club Horizontal Property Regime LXVI ("Lighthouse") brought this declaratory judgment action to enjoin South Island Public Service District ("South Island")

from leasing an access easement granted in connection with the operation of a water and sewer system to telecommunications companies for the unrelated activity of installing and maintaining telecommunications equipment. Lighthouse asserted South Island improperly leased the use of its access easement across Lighthouse's property to five telecommunications companies ("Telecom"), allowing them to travel over Lighthouse's property to install and maintain telecommunications antennas and equipment on the adjoining property owned by South Island. The circuit court ruled the easement does not permit South Island or its assignees to use the easement across Lighthouse's property for any purpose except "to operate and maintain [Lighthouse's] water and sewer systems." South Island appeals. We affirm.

## FACTS/PROCEDURAL HISTORY

During the construction of a condominium complex in the Sea Pines Plantation of Hilton Head Island, the developer installed water and sanitary sewer systems, including the necessary pipes, valves, hydrants, fittings, manholes, and other appurtenances. Following completion of the project, the developer conveyed the condominiums and recreational areas to Lighthouse, and the water and sewer systems to South Island's predecessor. As part of this transaction, the developer granted South Island's predecessor an easement across its property to the water and sewer company's adjoining property on which a water tower and related equipment were located. The adjoining property is landlocked by Lighthouse's property and is only accessible via the easement. This easement later ran to South Island as the original water company's successor in interest.

The easement provides South Island with an "easement . . . over all open area[s], driveways, and parking lots . . . to service the said water and sewer lines and ingress and egress to all adjacent pump stations, wells, tank sites, etc." The easement grants South Island "the right to do whatever acts are necessary . . . to operate and maintain the . . . water and sewer systems . . . [and] the right of reasonable access across the properties of [Lighthouse] as may be necessary from time to time to maintain the water and sewer systems."

Almost two decades after the easement was granted, South Island began leasing space on top of its water tower to Telecom for the installation of antennae, support equipment, and emergency power generation equipment. To install and maintain the telecommunications equipment, South Island leased to Telecom the use of the easement, permitting Telecom to travel over Lighthouse's property. Following the execution of the lease agreements, Telecom began moving equipment onto and through the easement. None of the equipment was necessary for maintaining the water or sewer systems.

Lighthouse brought this declaratory judgment action to enjoin South Island from using its property in violation of the easement. The parties stipulated the question presented was whether the easement's use, as provided in the lease agreements, constituted a non-permitted use of the easement property. The circuit court found the easement did not permit South Island to use the easement property for any purpose except "to operate and maintain [Lighthouse's] water and sewer systems." Thus, the circuit court ruled the easement's use, as contemplated in the lease agreements, was a non-permitted use of the easement property. South Island appeals. We affirm.

## LAW/ANALYSIS

### I. Extent of Easement

South Island argues the circuit court erred in finding the easement does not permit South Island or its assignees to use the easement across Lighthouse's property for any purpose except "to operate and maintain [Lighthouse's] water and sewer systems." We disagree.

"A suit for declaratory judgment is neither legal nor equitable, but is determined by the nature of the underlying issue." *Felts v. Richland County,* 303 S.C. 354, 356, 400 S.E.2d 781, 782 (1991). "[T]he determination of the extent of a grant of an easement is an action in equity. Thus, this Court may take its own view of the evidence...." *Tupper v. Dorchester County,* 326 S.C. 318, 323, 487 S.E.2d 187, 190 (1997) (internal citation omitted).

■ South Island argues the granting clause of the easement created a complete and absolute estate, which could not be limited by the subsequent description of the easement. As authority for its position, South Island cites and strongly relies on *Abbeville County v. Knox,* 267 S.C. 38, 225 S.E.2d 863 (1976) and *Stylecraft, Inc. v. Thomas,* 250 S.C. 495, 159 S.E.2d 46 (1968) for the proposition that once an estate has been granted in a deed, subsequent words attempting to limit the grant of that estate are ineffective. However, South Island's reliance on these two cases is misplaced.

> In [*Groce v. S. Ry. Co.,* 164 S.C. 427, 162 S.E. 425 (1932) and *Stylecraft*], the granting clause created a *fee simple estate* in the grantee.
>
> . . .
>
> [Thus, the] court held in both cases that [any subsequent] limitations upon the use of the property conveyed were ineffectual under the established rule that where the granting clause in a deed conveys a fee simple title that estate may not be cut down by subsequent words in the same instrument.

*Douglas v. Med. Investors, Inc.,* 256 S.C. 440, 446, 182 S.E.2d 720, 722–23 (1971) (emphasis added).[1] In the present case, the deed in question never granted South Island a fee estate. Thus, we find these cases and the general premise of law for which they are cited are not applicable with respect to the grant of an easement.

■ The grant of an easement does not create a complete and absolute estate. *See id.* at 445, 182 S.E.2d at 722 (holding "[a]n easement is ... not an estate in lands in the usual sense"). Rather, "[a]n easement is a right which one person has to use the land of another for a *specific purpose,*" *Steele v. Williams,* 204 S.C. 124, 132, 28 S.E.2d 644, 647 (1944) (emphasis added), and "gives no title to the land on which the servitude is imposed." *Morris v. Townsend,* 253 S.C. 628, 635, 172 S.E.2d 819, 822 (1970).

---

1. Although *Douglas* does not directly address *Abbeville County,* we find its discussion of *Groce* and *Stylecraft* consistent with our reading of *Abbeville County.*

■ "The general rule is that the character of an express easement is determined by the nature of the right and intention of the parties creating it." *Smith v. Comm'rs of Pub. Works of City of Charleston,* 312 S.C. 460, 467, 441 S.E.2d 331, 336 (Ct.App.1994). To determine the purpose of the easement, we must evaluate the intention of the parties when the easement was granted. In doing so, the "[c]lear and unambiguous language in grants of easement[s] must be construed according to terms which parties have used, taken, and understood in their plain, ordinary, and popular sense." *S.C. Pub. Serv. Auth. v. Ocean Forest, Inc.,* 275 S.C. 552, 554, 273 S.E.2d 773, 774 (1981). Moreover, we must effectuate the parties' intention "unless that intention contravenes some well-settled rule of law or public policy." *Gardner v. Mozingo,* 293 S.C. 23, 25, 358 S.E.2d 390, 391 (1987).

In reviewing the law of this state, we find "no settled rule of law which would prohibit [us from] giving effect to the intent of the parties" when construing the grant of an easement with its subsequent description where both are contained within the same instrument. *See Douglas,* 256 S.C. at 446, 182 S.E.2d at 722.

■ Contained within the deed conveying the adjoining property to South Island's predecessor is the grant of the easement at issue in this case, which provides South Island an

> easement . . . over all open area[s], driveways, and parking lots . . . to service the said water and sewer lines and ingress and egress to all adjacent pump stations, wells, tank sites, etc.
>
> . . .
>
> to do whatever acts are necessary . . . to operate and maintain the . . . water and sewer systems . . . [and] the right of reasonable access across the properties of [Lighthouse] as may be necessary from time to time to maintain the water and sewer systems.

Clearly the easement grants South Island the right to use Lighthouse's property. However, reading the grant in light of the clear and unambiguous terms contained within the easement's description, we agree with the circuit court's ruling that the easement does not permit South Island to use the easement property for any purpose except "to operate and

maintain [Lighthouse's] water and sewer systems." Thus, because the easement is limited to those acts necessary to operate and maintain the water and sewer systems, we conclude neither South Island nor Telecom is permitted to use the easement as access over Lighthouse's property to install and maintain telecommunications equipment.

## II.  Motion to Alter or Amend

After the circuit court issued its initial order, South Island moved pursuant to Rules 52(b), 59(e), and 60(a), SCRCP, to have the circuit court amend its judgment.  Specifically, South Island asked the circuit court to review its order and clarify a contradictory factual finding.  Subsequently, the circuit court issued an amended order in which it changed the contradictory factual finding to conform with its original legal conclusion. South Island argues the circuit court erred in amending its order.

In its motion to alter or amend the judgment, South Island asked the circuit court to review its order and clarify a contradictory finding.  The rules cited by South Island in its motion specifically provide the circuit court with the authority to amend its findings or correct clerical mistakes.  *See* Rules 52(b), 59(e), & 60(a), SCRCP.  Thus, in light of South Island's request, we find the circuit court did not err in amending its order to remove any confusion.

## CONCLUSION

For the foregoing reasons, the circuit court's order, finding the grant of the easement does not permit South Island or its assignees to use the easement across Lighthouse's property for any purpose except "to operate and maintain [Lighthouse's] water and sewer systems," and the easement's use, as contemplated in the lease agreements, constituted a non-permitted use of the easement property is

## AFFIRMED.

STILWELL, J., and STROM, Acting Judge, concur.