THE STATE OF SOUTH CAROLINA
In the Court of Appeals

 
 
 
Douglas G. Davis and Brenda F. Davis,       
Respondents,
 
 
 

v.

 
 
 
Eddie R. Gravley,       
Appellant.
 
 
 

Appeal from Pickens County
Charles B. Simmons, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-007
Submitted December 8, 2003  Filed January 
 14, 2004

AFFIRMED

 
 
 
W. Grady Jordan, of Easley, for Appellant.
James C. Alexander, of Pickens, for Respondent.
 
 
 

PER CURIAM:  Eddie R. Gravley appeals the 
 trial courts order extending a right-of-way across his property and granting 
 an easement by necessity.  We affirm.
FACTS
Douglas G. Davis and Brenda F. Davis commenced 
 this action against Eddie R. Gravley requesting the court reform their deed 
 to establish a right-of-way across Gravleys land or, in the alternative, grant 
 an easement by necessity.  
The Davises purchased a 15.8-acre tract 
 of land from Gravley in 1973.  This tract was part of a larger parcel owned 
 by Gravley along Highway 11 in Pickens County.  At the time of the transfer, 
 the tract was intentionally conveyed without means of access and did not connect 
 with a public road.  The deed stated that it was [u]nderstood that Grantee 
 herein will secure right-of-way from tract herein above described to highway 
 from property owners other than grantor.  To facilitate the sale, Gravley financed 
 part of the purchase price for the Davises. The parties do not dispute the terms 
 and conditions of this original conveyance.
In 1976, the parties entered into an agreement 
 whereby the Davises would pay off the balance of the purchase price early in 
 return for a right-of-way across Gravleys property.  The Davises asserted Gravley 
 sought the payoff in order to build a shop on his land.  Gravley, on the other 
 hand, testified that the Davises were behind on the mortgage and he sought the 
 payoff in lieu of foreclosing.  
To finance the early termination of their 
 mortgage with Gravley, the Davises obtained a loan from First National Bank 
 of Pickens County by mortgaging the 15.8-acre tract.  Mr. Davis stated the loan 
 was conditioned on the tract having access to a public road.  Mr. Granthem, 
 the vice president of the bank at the time the loan was issued, supported this 
 testimony by stating that it was the banks policy not to issue loans on property 
 unless there was clear access to a public road.  Gravley also acknowledged he 
 was aware the Davises would be unable to get the loan unless they had a right-of-way 
 from Highway 11 all the way to [their] property.  
Pursuant to this agreement, on February 
 9, 1976, Gravley executed a deed conveying a right-of-way to the Davises.  The 
 deed states:

WHEREAS, on Jan. 29, 1973, the grantor herein did covey certain 
 property to the grantees herein by deed recorded in Book 12-P, page 263, Pickens 
 County Records, and WHEREAS, said deed stipulated that grantee therein would 
 secure a right of way from property owners other then grantor and WHEREAS, grantor 
 now has decided to convey an easement and right of way to the grantees.

The deed then sets forth a metes and bounds 
 description for the right-of-way to run from Highway 11 across Gravleys land 
 up to another point on his land.  Based on this metes and bounds description, 
 however, the right-of-way falls short of connecting the highway to the Davises 
 property.  The Davises had the land surveyed in 1996 as an attempt at resolving 
 a dispute with Gravley about a driveway he was building.  According to the Davises, 
 it was at this time that they first learned the easement did not extend all 
 the way from Highway 11 to their property.  
The primary dispute among the parties 
 is whether the right-of-way was intended to extend all the way to the Davises 
 property.  The Davises assert that the parties intended it to connect their 
 property with Highway 11.  Gravley contends that the easement was never meant 
 to extend from Highway 11 to the Davises property.  Gravley testified that 
 the Davises wanted to use this partial right-of-way along with a right-of-way 
 they were planning to get from the abutting property owner, Mr. Davis brother, 
 to access their land.  
The trial judge reformed the 1976 deed 
 based on a mutual mistake by the parties, thereby extending the right-of-way 
 from Highway 11 to the Davises property.  In the alternative, the court also 
 held that the Davises were entitled to an easement by necessity over Gravleys 
 property.  Gravley argues these ruling were in error.
ISSUE
Did the trial court err by reforming the deed based on a 
 mutual mistake by the parties?
STANDARD OF REVIEW
The determination of the existence 
 of an easement is a question of fact in a law action and subject to an any evidence 
 standard of review when tried by a judge without a jury.  Slear v. Hanna, 
 329 S.C. 407, 410, 496 S.E.2d 633, 635 (1998).  However, the question of the 
 extent of the easement is equitable.  Tupper v. Dorchester County, 326 
 S.C. 318, 323, 487 S.E.2d 187, 190 (1997).  Thus, this court may take its own 
 view of the evidence on the latter issue.  Id.  [T]his broad scope 
 of review does not require us to disregard the findings of the trial judge nor 
 does it relieve the appellant of the burden of convincing us that the trial 
 judge erred.  Calcutt v. Calcutt, 282 S.C. 565, 569, 320 S.E.2d 55, 
 57 (Ct. App. 1984).  The trial judge, who saw and heard the witnesses, was 
 in a better position to evaluate their credibility.  Id.
LAW/ANALYSIS
Gravley first contends the trial court erred by reforming 
 the 1976 deed to extend the right-of-way to the Davises property.  We disagree.  

For equity to reform an instrument, it 
 must be shown by clear and convincing evidence not simply that there was a mistake 
 by one of the parties, but that there was a mutual mistake.  Timms v. Timms, 
 290 S.C. 133, 137, 348 S.E.2d 386, 389 (Ct. App. 1986).  A mutual mistake is 
 one whereby both parties intended a certain thing but because of a mistake in 
 drafting did not get what they intended.  Id.
Based on the testimony and evidence presented at trial, the 
 trial court found the parties intended for the right-of-way to extend completely 
 to the Davises property, and we agree.  It is undisputed that the original 
 deed conveying the 15.8-acre tract to the Davises did not provide for a right-of-way 
 across Gravleys property.  In fact, the 1973 deed specifically stated that 
 it was understood Grantee herein will secure right-of-way from tract herein 
 above described to highway from property owners other than grantor.  However, 
 in 1976, as part of an arrangement with the Davises to pay off the balance of 
 their mortgage, Gravley granted a right-of-way across his property.  The grant 
 provided in pertinent part that the grantor now has decided to convey an easement 
 and right of way to the grantees.  The purpose of the right-of-way, as stated 
 in the deed, was to provide ingress and egress over lands located in the State 
 of South Carolina.  As the trial court noted, the deed fails to indicate the 
 parties intended only a partial right-of-way.  Although Gravley testified the 
 right-of-way was never intended to completely traverse his property because 
 the Davises were going to use the neighboring property, the bulk of evidence 
 presented at trial belies this assertion.  For instance, both Mr. Davis and 
 Mr. Granthem testified the bank would not lend the money necessary to pay off 
 Gravley without a right-of-way connecting the parcel to a public road. Gravley 
 even acknowledged that he was aware of this requirement at the time of the conveyance.  
 Because there is more than enough evidence in the record to support the trial 
 courts order, we agree the parties intended the right-of-way to extend completely 
 from the public road to the Davises property.  Therefore, we affirm the trial 
 courts order reforming the 1976 deed based on the doctrine of mutual mistake.
Furthermore, because we affirm the trial courts 
 decision on the grounds of mutual mistake, we do not need to address Gravleys 
 remaining issue.  See Futch v. McAllister Towing of Georgetown, Inc., 
 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling appellate court need not 
 review remaining issues when disposition of prior issues are dispositive). 
Accordingly, based on the foregoing, the 
 trial courts decision is 
AFFIRMED.
HEARN, C.J., HOWARD and KITTREDGE, J.J., concur.