THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Lou Lindsey, Iris Hill and Emma Cade, formerly known as Emma Ferguson,
Appellants,
v.
David H. Alexander and Golden Creek Baptist Church, Julius C.
Hydrick, Jr., Individually and as Trustee of the Corinne E. Hydrick Residuary Trust,
Respondents.
 
 
 

Appeal From Pickens County
Charles B. Simmons, Jr., Circuit Court Judge

Unpublished Opinion No. 2005-UP-150
Submitted December 1, 2004  Filed March 3, 2005

AFFIRMED

 
 
 
R. Murray Hughes, of Pickens, for Appellants.  
Harry I. Rivers, Jr., of Easley; Herman E. Cox, of Greenville; and Kenneth D. Acker, of Pickens, for Respondent.
 
 
 

PER CURIAM:  Lou Lindsey, Iris Hill, and Emma Cade (Appellants) appeal the trial courts determination that a road joining the parties property with neighboring landowners is not a public road or easement and that any private easement interest was abandoned or lost by adverse possession. We affirm.[1]
FACTS AND PROCEDURAL HISTORY
Lindsey and Hill purchased 59.5 acres of property in 1990.  A river bisects their property, dividing it into a 20-acre eastern tract and a 39.5-acre western tract upon which the couple built their home.  There is no longer a bridge over the river, and it cannot be crossed by a vehicle at any point that it passes through their property.[2]  
Plats of the property show the location of an old road running from the river on the eastern tract, the opposite side of the river from where the home is located, across the property of Emma Cade, a landlocked 20 acre tract situated between the Lindsey/Hill parcel and the property belonging to David Alexander and Golden Creek Baptist Church (Respondents).  The plats indicate the road continues eastward forming the southern and northern boundary of the Alexander and Golden Creek properties respectively.  The old road terminates at a gate placed there by Alexander.  
Alexander blocked access to the road sometime around 1990 or 1991 by placing a metal cable and later a gate at the point where the road intersects the main highway between his property and the churchs property.  The road has remained unused since Alexander erected the gate.  It has been in serious disrepair for decades and is impassable by vehicular traffic.  
Appellants brought a declaratory judgment action against Alexander, Golden Creek Baptist Church, and a Trustee of the Hydrick Residuary Trust arguing the road was, or at one time had been, a public road or easement entitling them to access.  They requested injunctive relief requiring Alexander to remove the gate.  The trial court ruled in favor of Alexander, finding the road was not a public road or an easement and that if it had ever been at one time in the distant past, some type of public or private road, easement or highway, clearly and unquestionably it has been abandoned as such and has been extinguished as either a public or private easement.[3]  
DISCUSSION
A suit for declaratory relief may be legal or equitable, and is characterized as such by the nature of the underlying issue outlined in the complaint.  Clark v. Hargrave, 323 S.C. 84, 86, 473 S.E.2d 474, 476 (Ct. App. 1996).  The determination of the existence of an easement is a question of fact in a law action.  Slear v. Hanna, 329 S.C. 407, 410, 496 S.E.2d 633, 635 (1998).  In an action at law tried without a jury, the judges findings of fact will not be disturbed unless there is no evidence to support them.  Townes Assoc., Ltd. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).
First, Appellants contend the trial court erred by determining the road was not a public easement, road, or highway.  We disagree.
In Outlaw v. Moise, 222 S.C. 24, 71 S.E.2d 509 (1952), our supreme court established the rule for proving the existence of a public easement.  The court stated:

[W]here lands are platted and sales are made with reference to the plat, the acts of the owner in themselves merely create private rights in the grantees to the use of the streets and ways laid down on the plat or referred to in the conveyance.  But these rights are purely in the nature of private rights founded upon a grant or covenant, and no public rights attach to such streets or lands until there has been an express or implied acceptance of the dedication, evidenced either by general public use or by the acts of the public authorities.

Id, at 31, 71 S.E.2d at 512 (emphasis added).
Troy Porter, Director of Roads and Bridges for Pickens County for over 20 years, testified the road in question had never been dedicated to the public or maintained by Pickens County.  Porter also testified he was personally familiar with the area and considered the road an old trail or private road.  The parties all agree the road has been impassable for decades and remains blocked by trees and deep gullies prohibiting general public use. Accordingly, we find there was sufficient evidence contained in the record to support the special referees finding the road failed to qualify as a public easement or roadway. 
Next, Appellants argue the trial court erred by finding any private easement they, or their predecessors in title, may have had in the road was abandoned.  We disagree.
The primary elements of abandonment are the owners intention to abandon and either his express declaration or the external act by which his intention is carried into effect.  Immanuel Baptist Church of N. Augusta v. Barnes, 274 S.C. 125, 131, 264 S.E.2d 142, 144-45 (1980).  Hill testified that when she and her husband bought their land, the road required a four-wheel drive vehicle to traverse it, and that she had seen no vehicles on the road since they purchased the property.  There was no evidence in the record Appellants attempted to use the road or clear the overgrowth to make it passable.  Alexander testified no one had objected to his actions blocking the entrance to the road or sought access since he erected the metal cable and later a gate.  He further testified that from the time his father acquired his property in the mid-1960s, the road has never been used, and since he moved onto the property in 1979, he has never seen a vehicle on the road.  Finally, aerial photographs introduced into evidence show the road diminishing in clarity between 1965 and 1987.  Moreover, it is undisputed the road is now impassable.  Accordingly, we find sufficient evidence supports the trial courts conclusion that any private easement that may have existed has been abandoned.
The trial court found that even if any private easement had not been abandoned, Appellants lost any right they may have had to the use of the road because Alexander extinguished them by adverse possession.  Although Appellants challenge this finding, we need not address the issue because the ruling that any private easement has been abandoned disposes of the case.  See Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling appellate court need not address remaining issues when disposition of prior issue is
dispositive).  
 AFFIRMED.
ANDERSON, STILWELL, and SHORT, JJ., concur.  

[1]        We decide this case without oral argument pursuant Rule 215, SCACR.
[2]        A bridge that once connected the two tracts washed away during a flood in the 1930s and was never rebuilt.  
[3]        The trial court noted that counsel for Golden Creek made a brief appearance stating the church did not and would not take an active part in the litigation.  The court also noted the Hydrick trust failed to appear.  Alexander was the only defendant to file a response.