THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Randall D. Collins and Ann Shalley Collins, Appellants,
 
 
 

v.

 
 
 
 Barbara Griffin, individually and as Trustee of the Griffin Living Trust, 
 Joe Ann Knox as Trustee of the Knox Living Trust, and Oconee County, Defendants,
 Of Whom Barbara Griffin, individually and as Trustee of the Griffin Living Trust and Oconee County are the Respondents.
 
 
 

Appeal From Oconee County
 Ellis B. Drew, Jr., Master-in-Equity

Unpublished Opinion No.  2006-UP-427
Submitted December 1, 2006  Filed December 19, 2006

 AFFIRMED

 
 
 
 Earle G. Prevost and Sean Gray Tzouvelekas, both of Greenville, for Appellants. 
 Bradley A. Norton, of Walhalla, John S. Nichols, of Columbia and Julian L. Stoudemire, of  Seneca, for Respondents. 
 
 
 

PER CURIAM:  Randall Collins and Ann Collins (collectively the Collinses) appeal the trial courts ruling that a thirty-seven and one half foot easement existed over their property.  We affirm.  
FACTS
The Collinses brought an action against Barbara Griffin, individually and as Trustee of the Griffin Living Trust (Griffin), Jo Ann Knox as Trustee of the Knox Living Trust (Knox), and Oconee County.  
The Collinses sought relief on three grounds.  They requested: (1) a declaratory judgment regarding the parties rights in real property located in Oconee County; (2) an order from the trial court requiring Oconee County to deed the real property at issue to them; and (3) actual and punitive damages along with injunctive relief based on a nuisance and trespass action against Griffin.   
In response, Knox executed and delivered a quitclaim deed conveying any interest she may have held in the real property to the Collinses.  Consequently, Knox was dismissed from the action.  Oconee County did not actively engage in the litigation and agreed to abide by the trial courts order or the parties agreement.  Griffin denied liability for nuisance and trespass, and denied the Collinses were entitled to the relief sought in the declaratory action.  The case was tried before the Oconee County Master-in-Equity.  
At trial, the Collinses decided they no longer wished to seek damages for nuisance and trespass but would proceed solely on the action for declaratory relief.  Therefore, the case focused on the parties rights in the real property.  
The real property at issue is located on Lake Keowee in Oconee County.  The property extends from the mainland in a southern direction to form a point on Lake Keowee.  Therefore, water surrounds the property to the east, south, and west.  The property is bordered on the western part by a road running north to south called S 37-589.[1]  
This road was placed next to the property pursuant to a seventy-five foot right-of-way.  Road S 37-589 divided the seventy-five foot right-of-way, which meant thirty-seven and one half feet of right-of-way existed on each side of the center line of S 37-589.  
In the early 1970s, the State abandoned a portion of S 37-589.[2]  Consequently, title to the abandoned portion of S 37-589 reverted to Oconee County.  In turn, Oconee County abandoned this portion of S 37-589 and transferred the right-of-way back to the adjacent property owners.[3]  
The land on the eastern part of Windsong Way, owned by Crescent Land & Timber Corporation (Crescent), was divided into two parcels, A and B.  Crescent transferred Parcel B to Mac and Sybil Evatt and Parcel A to Barbara Griffin as Trustee for the Griffin Living Trust.  Shortly after acquiring Parcel B, the Evatts granted two easements in favor of the Griffin Living Trust.  The deed granted:  

 1.  a non-exclusive easement for ingress and egress over the existing roadbed from the northernmost boundary of Parcel A to that point where Petty Road is maintained by State; and
 2.  a non-exclusive easement along the existing water line located on or adjacent to an existing roadbed including that roadbed as shown on plat prepared by Gregory Blake Sosebee, PLS #14878, dated October 28, 1997 which is both maintained and not maintained, for maintenance and improvement of water lines.  

A few months later, the Evatts transferred Parcel B to the Collinses.  They conveyed the parcel subject to the right-of-way for S.C. Highway S-37-589 (Petty Road) and Windsong Way (Old S-37-589) as shown on the [Cooper Plat]. Furthermore, the Collinses property rights were encumbered by any and all easements or right-of-ways granted by the Grantor(s) herein or any predecessor in title, as may appear of public record or upon the premises.  
The dispute between the parties concerns the scope, specifically the width, of the easements given to the Griffin Trust by the Evatts.  The parties disagree regarding the meaning of the terms existing roadbed and maintenance and improvement as used in the easements granted to the Griffin Trust from the Evatts.  The Collinses contend the term roadbed means the paved road.  Conversely, Griffin argues the term means at least thirty-seven and one half feet from the center of S 37-589.  The Collinses also argue the term maintenance and improvement does not entitle Griffin to relocate her water lines from the western side of Windsong Way over to the eastern side.  The Master disagreed with the Collinses.  This appeal follows.
STANDARD OF REVIEW
As noted, above the Collinses decided to proceed solely on the action for declaratory relief.  Because declaratory judgment actions are neither legal nor equitable, the standard of review depends on the nature of the primary issues.  Campbell v. Marion County Hosp. Dist., 354 S.C. 274, 279, 580 S.E.2d 163, 165 (Ct. App. 2003).    
Whether an easement exists is a question of fact in a law action and is subject to the any evidence standard.  Tupper v. Dorchester Cty., 326 S.C. 318, 323, 487 S.E.2d 187, 190 (1997).  However, the determination of the scope of an easement is an equitable matter, in which an appellate court may take its own view of the evidence.  Id.  Similarly, if an action mandates interpreting a deed, it is an equitable matter, and an appellate court may take its own view of the evidence.  Slear v. Hanna, 329 S.C. 407, 410-11, 496 S.E.2d 633, 635 (1998).
In the case sub judice, the Master determined the scope of an easement, which necessarily required the Master to interpret deeds.  Therefore, we may take our own view of the evidence.  However, we are mindful that this scope of review does not require us to disregard the Masters factual findings because the Master saw and heard witnesses and was in a better position to judge their credibility and demeanor.  Godfrey v. Heller, 311 S.C. 516, 518, 429 S.E.2d 859, 860 (Ct. App. 1993).  Additionally, if we choose to find facts in accordance with our view of the evidence, we must state such findings of fact and our reasoning for those findings.  Dearybury v. Dearybury, 351 S.C. 278, 283, 569 S.E.2d 367, 369 (2002).  
LAW/ANALYSIS
An easement is a right which one person has to use the land of another for a specific purpose.  Steele v. Williams, 204 S.C. 124, 132, 28 S.E.2d 644, 647 (1944).  The character of an easement is determined by the nature of the right and the intentions of the parties who created the easement.  Smith v. Commrs of Pub. Works of City of Charleston, 312 S.C. 460, 467, 441 S.E.2d 331, 336 (Ct. App. 1994).  To determine the purpose of an easement, the intention of the parties must be ascertained.  Lighthouse Tennis Club Village Horizontal Prop. Regime LXVI v. S. Island Pub. Serv. Dist., 355 S.C. 529, 534, 586 S.E.2d 146, 148 (Ct. App. 2003).
To determine intent, clear and unambiguous language in grants of easements must be construed according to terms which parties have used, taken, and understood in their plain, ordinary, and popular sense. Id. (internal quotations omitted).  However, if the language of the easement is not clear and creates ambiguity in any respect, all surrounding circumstances, including the construction which the parties have placed on the language, may be inquired into and taken into consideration.  Smith, 312 S.C. at 466, 441 S.E.2d at 335.  
A. Ambiguity of the term roadbed 
As noted above, the easement granted to the Griffin Trust provides a non-exclusive easement for ingress and egress over the existing roadbed from the northernmost boundary of Parcel A to that point where Petty Road is maintained by State.  Initially, we must determine whether the term roadbed is ambiguous.  
We note roadbed was not defined in the easement granted to the Griffin Trust by the Evatts.  Additionally, a thorough search of South Carolina law has failed to reveal a clear answer as to the meaning of roadbed.  Long Motor Lines v. Home Fire & Marine Ins. Co. of Cal., 220 S.C. 335, 339, 67 S.E.2d 512, 514 (1951) (roadbed includes that portion of the road which is used for travel) (emphasis added); Bates v. Legette, 239 S.C. 25, 32, 121 S.E.2d 289, 292 (1961) (roadway is the portion of highway designed or ordinarily used for vehicular travel).  
We hold roadbed is an ambiguous term as used in the easement granted to the Griffin Trust, because the parties did not define the term, and its meaning is not clearly defined in South Carolina law.  Having determined an ambiguity exists, we must ascertain what the term roadbed means in this context. 
B. The meaning of the term roadbed
As noted above, the deed from the Evatts to the Collinses makes reference not only to the right-of-way for Petty Road and Windsong Way, but it also refers to all easements that are part of the public record.  This would include the easement granted by the Evatts as well as the deed used by Oconee County when it transferred the right-of-way back to the adjacent property owners.  McDonald v. Welborn, 220 S.C. 10, 16, 66 S.E.2d 327, 330 (1951) (The law imputes to a purchaser of real estate notice of the recitals contained in the written instruments forming his chain of title . . . and charges him with the duty of making such reasonable inquiry and investigation as is suggested by the recitals and references therein contained.) (internal citations omitted).
 The deed in pertinent part reads, Oconee County, South Carolina, has abandoned some 625 feet of roadbed which was part of the County public road and way known and designated as Road S-16 . . . .  (internal quotations omitted) (emphasis added).  The deed transfers [a]ll the Grantors right, title and interest in and to all that portion of Road S-16 . . . which abuts upon and adjoins other lands of the Grantee.  The Oconee grant would necessarily include the seventy-five feet because all of the Countys rights in the abandoned right-of-way encompass the seventy-five feet.   
The Evatts provided the Griffin Trust an easement over the existing roadbed from the northernmost boundary of Parcel A to that point where Petty Road is maintained by State.  (emphasis added).  The Evatts chose the same language as Oconee County when the latter transferred all of its rights to the adjoining property owners.  Namely, the Evatts used the term roadbed.  If the Evatts intended to confer an easement solely over the paved portion of the road, they would have used language such as paved road or roadway. 
Additionally, if the language in a deed is ambiguous, the ambiguity is construed against the grantor.  Ward v. Woodward, 287 S.C. 343, 345, 338 S.E.2d 347, 348 (Ct. App. 1985).  The Evatts were the grantors of the easement to the Griffin Trust.  In that grant, an ambiguity arose regarding the meaning of roadbed.  Thus, we construe roadbed as including at least thirty-seven and one half feet from the center line of Windsong Way over the property of the Collinses. 
C. Waterline easement
The Collinses next argue the Master erred in concluding Griffin had an easement for the purpose of maintaining an existing waterline over the Collinses property of thirty-seven and one half feet from the center line of Windsong Way.  We disagree.         
As noted above, the Evatt easement provided a non-exclusive easement along the existing water line located on or adjacent to an existing roadbed including that roadbed as shown on plat prepared by Gregory Blake Sosebee, PLS #14878, dated October 28, 1997 which is both maintained and not maintained, for maintenance and improvement of water lines.  
This easement also uses the term roadbed.  As explained supra the term roadbed, as used in the Evatt easement, is more than the paved road.  It includes at least thirty-seven and one half feet from the center line of Windsong Way over the property of the Collinses.  Thus, the easement would permit Griffin to put waterlines within that boundary. 
Nonetheless, the Collinses argue the easement refers to an existing water line.  The Collinses contend when the Evatt easement was recorded, the existing water line was on the western side of S 37-589.  As such, the easement does not allow Griffin to put any waterlines on the eastern side of S 37-589.  
However, the Collinses fail to observe the easement allows for maintenance and improvement of waterlines, without specifying where such maintenance or improvement is to be restricted.  As mentioned above, ambiguity is construed against the grantor.  Consequently, we hold Griffin had an easement for the purpose of maintaining an existing waterline over the Collinses property of thirty-seven and one half feet from the center line of Windsong Way. 
CONCLUSION
Accordingly, the trial courts decision is 
AFFIRMED. [4]  
ANDERSON, HUFF, and WILLIAMS, JJ., concur.

[1] Road S 37-589 was at one time known as S 37-16; however, we will refer to it under its current designation.
[2]  The portion of S 37-589 that the State still maintains is known as Petty Road.  The abandoned portion is known as Windsong Way.  
[3] The deed in pertinent part reads: Oconee County, South Carolina, has abandoned some 625 feet of roadbed which was part of the County public road and way known and designated as Road S-16 . . . .  (internal quotations omitted) The deed transfers [a]ll the Grantors right, title and interest in and to all that portion of Road S-16 . . . which abuts upon and adjoins other lands of the Grantee.  
[4] We decide this case without oral argument pursuant to Rule 215, SCACR.